### State *v.* McNab.

The Superior Court have power to bail in all cases, and will ordinarily exercise it in favor of the prisoner, in cases not capital.

Homicide, which results from the perpetration of offences below the degree of felony, and without malice, is manslaughter—a felony, but not capital by the laws of this State.

MOTION for bail on the part of McNab, a prisoner, indicted for causing the death of a female by means used to procure a premature child-birth. The facts sufficiently appear in the opinion of the court.

*Morrison,* for the prisoner.

GILCHRIST, C. J. The prisoner stands charged, in the indictment, with having caused the death of Sarah H. Furber: in the first count, by administering a noxious drug; and in the second, by the use of instruments, with the intent, in either case, to cause her to be prematurely delivered of a child with which she was then pregnant.

To attempt or to accomplish a purpose like the one imputed in the indictment to the prisoner, was a misdemeanor at common law, but does not appear to have been treated as a felony, unless possibly in very ancient times, except in cases in which the child, actually born alive, had

perished in consequence of the means used to cause the premature birth. 1 Russell on Crimes 424, 552; 1 Hawk. Pl. Cr., ch. 31, sec. 16.

As there is no allegation of those fatal circumstances, or that the act charged was accompanied with any intent to cause the death that ensued, or with any other or ulterior intent, than the one specified, the offence laid in the indictment, is not above the degree of manslaughter, or a felonious homicide, resulting from the perpetration of an unlawful act, not of itself felonious. 1 Russell on Crimes 527; 1 East Cr. Law, ch. 5, sec. 4, page 218.

This crime, thus distinguished from murder by the absence of malice, and as the fruit of offences less noxious than those which impart to their fatal issues, although undesigned, the graver character and penalties of murder, is technically a felony; but is not punishable by our laws with the loss of life, but by pecuniary fine, with or without imprisonment; by solitary confinement and confinement to hard labor, for terms of time specified in the statute. Rev. Stat., ch. 214, sec. 4.

A motion has been submitted in behalf of the prisoner, that he be admitted to bail; and the question arises whether it may lawfully and consistently, with the practice of the court, prevail; or whether felonies, not capital, are bailable.

According to Blackstone, bail is a delivery or bailment of a person to his sureties, upon their giving, together with himself, sufficient security for his appearance; he being supposed to continue in their friendly custody, instead of going to goal." 4 Black. Com. 297. And Hawkins says that " a man's bail are looked upon as his goalers of his own choosing, and that the person bailed is, in the eye of the law, for many purposes esteemed to be as much in the prison of the court by which he is bailed, as if he were in the actual custody of the proper goaler." And, " it seems certain, in every bailment, that if the party bailed be sus-

pected by his bail as likely to deceive them, he may be detained by them and enforced to appear according to the condition of the recognizance, or may be brought by them before the justice of the peace, by whom he shall be committed, unless he find new sureties. 3 Hawk. Pl. Cr. 186.

In the early stage of the English law, several statutes were enacted, having for their object to secure to the subject the privilege of being admitted to bail in the proper cases, and to restrain sheriffs and others, charged with the custody or control of prisoners, from granting bail in cases in which considerations of public safety and the ends of justice seemed to require its denial. Those statutes pointed out, with some detail, the cases in which bail was admissible or otherwise. Some of them still remain in force, and are the subject of the commentaries of the writers upon the Crown Law. 4 Bl. Com. 298; 3 Hawk. Pl. Cr., B. 2, ch. 15. But they were designed merely for the government of the inferior jurisdictions, and were never considered as embracing within their purview the Superior Courts of Westminster. "Yet these courts," says the author last cited, "will always, in their discretion, pay a due regard to the rules prescribed by the statute, and not admit a person to bail who is expressly declared by it to be irreplevisable, without some particular circumstance in his favor. And, therefore, it seems difficult to find an instance where persons attainted of felony, or but convicted thereof by verdict general or special, or notoriously guilty of treason or manslaughter, &c., by their own confession or otherwise, have been admitted to the benefit of bail without some special motive to induce the court to grant it." Hawk. Pl. Cr. 224, sec. 80.

This general principle of refusing bail in all cases irreplevisable by the statute of Westminster, I., seems to derive confirmation from other authorities cited in *ex parte Tayloe*, 5 Cow. 49, and was expressly adopted as the foundation

of the judgment in that important case. And it was there held, as a general rule in cases of felony, whether capital or not, that if there be no reasonable doubt of the guilt of the prisoner, he will not ordinarily be admitted to bail; and that in those cases only where it stands indifferent whether the party is guilty or innocent, and where the legal presumption is of course, in his favor, is bail properly allowable. *Savage*, C. J., page 53.

To what extent such a rule as this has been actually adopted by courts in England or elsewhere, it may not be necessary to inquire. Nor do we propose to consider the objections which might be urged against the practice of allowing the question of bail to depend, in all cases of felony, upon the state of the evidence of guilt, and against the practice of examining the evidence in such cases, with that view, any further than to remark, that upon the authority of one of the cases cited by the court, in the judgment referred to, such a practice would exclude bail in all cases of indictment where the inquest is private and the evidence not within the reach of the party seeking to found his case upon it. Lord Mohun's Case, 1 Salk. 104. And that, in another case upon the same page, the court were of the opinion that granting or refusing bail upon such examination of the evidence would be objectionable, as tending to prejudice the prisoner on the one side, or the prosecutor on the other. *Anon.*, 1 Salk. 104.

We however think that a more definite rule, and a rule of easier application and more obvious derivation from the general principles of law and the admitted purposes of bail, is stated by Mr. Leach, the editor of Hawkins, in a note to 3 Hawk. Pl. Cr. 225.

He says: " The Court of King's Bench has the power to bail in all cases whatsoever; and the judges will, in general, exercise it in favor of a prisoner in every case not capital, and in capital cases where there is any circumstance to induce the court to suppose he may be innocent,

and in every case where the charge is not alleged with sufficient certainty."

This rule proceeds upon the notion, that in the scale of punishments annexed to the various degrees of crime not capital, there is no one of that decided severity or ignominy beyond the others, that should induce the apprehension that the prisoner might not be sufficiently safe for all the purposes of imprisonment before trial, in the custody of "goalers of his own choosing." The same considerations which demand the allowance of bail in one crime, being applicable to all, there is no one so far distinguished from the others that these considerations ought not to prevail, except only those heinous offences, founded in malice, the tenor of whose punishment may well be presumed to deter the accused, but upon the plainest proof of innocence, from hazarding a trial that can be avoided by any sacrifice.

We think the rule to be a reasonable one; that it is commonly deemed to be the prevailing one; and that is in consonance with that article of the Bill of Rights which prohibits the exaction of excessive bail; since denying it wholly, where it might reasonably be granted, would equally conflict with the obvious purpose of that humane provision.

We are, therefore, of the opinion that, upon the general principle, the prisoner is bailable, and no objection appearing to its application in the case before us, that he ought to be admitted to bail.

*Prisoner admitted to bail.*