Nov. Term, 1851.

MICHIGAN CENTRAL RAILROAD COMPANY v. NORTHERN INDIANA RAILROAD COMPANY.

THE MICHIGAN CENTRAL RAILROAD COMPANY and Others *v.* THE NORTHERN INDIANA RAILROAD COMPANY and Others.

An order of injunction granted by a circuit judge, in the vacation of the Court, is an interlocutory order of the Circuit Court, within the meaning of section 70 of chapter 37 of the R. S. 1843.

Nov. Term,
1851.

MICHIGAN
CENTRAL
RAILROAD
COMPANY
v.
NORTHERN
INDIANA
RAILROAD
COMPANY.

From such an order an appeal lies, by virtue of said section, to the Supreme Court.

The appeal is required by the statute to be taken at the time when the order of injunction is granted.

The period of two days after the order of injunction was granted, was held, under the circumstances of the present case, to be at the time of granting the order, within the meaning of the statute.

The granting of an appeal in the vacation of the Circuit Court, without notice to the adverse party, from an order of injunction granted by the judge of the Circuit Court in vacation, does not deprive the appellee from being heard upon the sufficiency of the injunction-bond, or whether the appeal was granted in due time; but the want of a sufficient bond, or the fact that the appeal was not taken in due time, may be shown on a motion to dismiss the appeal.

The act of 1847, "to amend the provisions of the 37th chapter of the Revised Code," does not affect the right of the party aggrieved to appeal, at the time of making the order, from a judge's order of injunction granted in vacation.

Wednesday
December 10.

APPEAL from an order of injunction granted by the judge of the *Laporte* Circuit Court, at his chambers, in vacation.

SMITH, J.—Upon an application made to the president judge of the *Laporte* Circuit Court, at his chambers, in vacation, an injunction or restraining order was made by him on the 28th of *August*, 1851. The application was founded on a bill of complaint previously filed in the *Laporte* Circuit Court, and the injunction was granted in the absence of the opposite party, and without notice. Two days afterwards, on the 30th of *August*, an appeal to this Court, from the order granting the injunction, was prayed for, and was granted by the judge of the Circuit Court.

A motion is now made to dismiss the appeal, on the ground that the statute does not authorize an appeal to be taken from such an order during the vacation, or until the next term, of the proper Circuit Court.

The article relative to injunctions in the Revised Statutes, c. 46, p. 851, provides that the Circuit Court, in term, or the president judge alone, or the two associate judges together, in vacation, shall have power to grant injunctions or restraining orders, and to exercise all powers usual and necessary for Courts of chancery, in granting

or enforcing them. It is made unnecessary to issue a writ of injunction in any case, but instead thereof a copy of the order, duly certified by the clerk, is to be served upon the adverse party.

It is admitted, that previous to the Revised Statutes of 1843, there was no right of appeal given by statute, except from final judgments or decrees. The 70th section of chapter 37, R. S., p. 636, says: "Appeals to the Supreme Court shall be allowed to be taken from any interlocutory order or decree of any Circuit or Probate Court in this state, in any of the following cases." Among the cases here specified is this: "From any order or decree granting or dissolving an injunction." The 71st section is as follows: "No such appeal shall be granted by the Court from whose decision the same is prayed, unless such appeal is taken at the time when such order or decree is made, nor until a sufficient bond, as required in other cases of appeals, shall have been given by the appellant."

In 1847, an act was passed, the first section of which gives the right of appeal from any order or decree overruling any motion to dissolve an injunction, and the second section is as follows: "When any injunction shall be granted in vacation, an appeal may be taken to the Supreme Court at any time during the term of the Probate or Circuit Court next ensuing after the granting of any such injunction in vacation, subject to the provisions regulating appeals to the Supreme Court in other cases" (1).

The first question that suggests itself, in the consideration of the present motion, is, whether the order granting the injunction in this case, is, or is not, an interlocutory order of a Circuit Court, within the meaning of the 70th section of chapter 37 of the Revised Statutes. We think, though it was made by a judge of the *Laporte* Circuit Court in vacation, it is to be regarded as an order of that Court.

An injunction is defined to be a writ issuing by the order and under the seal of a Court of equity. Ed. on Inj. 9; Mitford, 124. The term is also indiscriminately ap-

Nov. Term,
1851.

MICHIGAN
CENTRAL
RAILROAD
COMPANY
v.
NORTHERN
INDIANA
RAILROAD
COMPANY.

plied to interlocutory orders in the nature of injunctions, though not enforced by means of the writ of injunction. Eden, 338. A president judge of a Circuit Court, sitting at his chambers to hear an application for an order of this kind, cannot be considered as holding a special or peculiar Court for that purpose, for he is only authorized to act in *vacation*, which signifies a period of time when *no Court* is sitting. Besides, the bill of complaint must be addressed to the Circuit Court, and the order, if made, becomes a part of the record of the cause pending in that Court, and is enforced by the authority of that Court.

The statute authorizing a single judge, in vacation, to make an interlocutory order which becomes the order of the Court, is quite consistent with the long established practice of both Courts of equity and of common law. An injunction may not only be granted in term, "but," says Mr. *Eden*, "in the vacation, *when the Court does not sit*, and no motion can consequently be made, a *judge* of a Court of equity will grant an injunction, upon petition, with affidavit and certificate of bill filed," &c. Eden on Injunctions, p. 377.

There are many interlocutory orders made by the judges of the *English* Courts of common law, in vacation, and when they could not be considered as constituting the Courts for which they assumed to act. Yet such orders seem always to have been considered orders of the Court, and the same effect is given to them as if they were made by the Court in term. In *Rex* v. *Wilkes*, 4 Burr. 2570, it was said, it had been the practice to grant such orders by a judge at chambers, time out of mind, and that they were as valid, if acquiesced in, as any act of the Court.

In the case of *Wood* v. *Plant*, 1 Taunt. 44, an interlocutory order had been made by one of the judges of the *King's Bench*, in vacation, changing the plaintiff's attorney, by substituting another in the place of the one who had commenced the suit. It appears that such a change could not be made without an order of the Court to that effect, and the suit having been prosecuted to judgment by the attorney so substituted, a writ of error was brought,

Nov. Term,
1851.

MICHIGAN
CENTRAL
RAILROAD
COMPANY
v.
NORTHERN
INDIANA
RAILROAD
COMPANY.

on the ground that the said attorney had no authority to act. The judgment was, however, affirmed. Lord *Mansfield* said: "What is the effect of the proceeding which is made the ground of the present exception? The Court orders Mr. *Mayhew*, at the request of the plaintiff, to be appointed his attorney in this cause. It is true, that the order is made by a judge at chambers; but still it is to be regarded as the order of the Court. The effect of these orders was much considered in the case of *The King* v. *Wilkes*, 4 Burr. 2570. They are as binding as any act of the Court, though they are not entered and made rules of Court, unless it be necessary to enforce them by attachment."

In the matter of *Taylor et al.*, 5 B. & Ald. 217, 7 Eng. C. L. R. 73, a motion was made for a rule to discharge a rule making a submission to arbitration a rule of Court. It was a submission to arbitration under the statute of 9 and 10 W. 3., c. 15. The submission was made a rule of Court, in vacation, and it was contended that, by the words of the statute, the submission could only be made a rule of Court by producing an affidavit of the execution of the agreement, and reading and filing it in Court. *Abbott*, C. J., in refusing the rule moved for, said: "If we were to grant the present application, we should do great mischief, inasmuch as the granting these rules, in vacation, is a practice attended with much convenience to the suitors of the Court. It seems to me that, by construing the statute with reference to the ordinary practice of the Court, we shall give fuller effect to the intention of the legislature. The statute makes it compulsory on the Court, on the affidavit being produced, to make the submission a rule of Court. It is, therefore, merely a matter of form to apply for the rule. No injury is done to the other party by granting the rule, for the award cannot be enforced until the next term. * * * If we were to overturn the practice in this case, we should establish a dangerous rule, for, by parity of reasoning, no consent-rule in ejectment, no rule for a special jury, or to pay money into Court, could be drawn up in vacation. The con-

Nov. Term,
1851.

MICHIGAN
CENTRAL
RAILROAD
COMPANY
v.
NORTHERN
INDIANA
RAILROAD
COMPANY.

sequence would be great delay in the administration of justice."

These cases, we think, abundantly establish the proposition, that an interlocutory order made by a judge in vacation, is to be regarded as the order of the Court for which the said judge is authorized by law to act; and from the whole tenor of the provisions of our statute on this subject, it would seem the legislature so understood the effect of such orders. Precisely the same effect is given to injunctions, whether granted by the Court in term, or by the judges in vacation; they are to be served in the same manner, and enforced by the same means; and they possess, in all respects, the same force and effect.

We are satisfied, therefore, that the order made in this case, is an order of the *Laporte* Circuit Court, from which an appeal lies under the 70th section of the statute before quoted.

The next question is, *when* may such an appeal be taken? The 71st section says: "No such appeal shall be granted by *the Court* from whose decision the same is prayed, unless such appeal is taken at the time when such order or decree is made," &c. From the use of the words, "the Court," in this section, the counsel for the appellees contend that the appeal can only be prayed for during a term of the Court. We do not think these words were used with the intention that they should have such a meaning.

The 70th section says, an appeal shall be allowed from *any* interlocutory order of the Court granting an injunction; but, according to the construction the appellees would have us give the 71st section, we should be obliged to determine that an appeal cannot be taken from *any* such order, but only from such as may have been made by the Court in term-time, for, from no other, could an appeal be prayed for at the time when made. This would not only be inconsistent with the literal meaning of the previous section, but would be doing violence to what we must suppose to be its spirit and intention. The mischief

Nov. Term
1851.

MICHIGAN
CENTRAL
RAILROAD
COMPANY
v.
NORTHERN
INDIANA
RAILROAD
COMPANY.

under the law as it stood previously, was, that injunctions granted by the inferior Courts might be improvident and oppressive. The remedy here provided is an immediate appeal to a higher Court, and, certainly, it would be unreasonable to suppose that the legislature thought there would be less probability of improvident injunctions being granted by the president judge alone or by the two associates in vacation, than by the full Court in term.

The previous section having provided that appeals shall be allowed from the order of a judge in vacation, and this that the appeal must be granted at the time the order is made, both together necessarily imply that the judge acting for the Court in granting the injunction, shall also act for the Court in allowing the appeal; and as we have already seen that all orders legally made in a cause, whether by the Court in term, or by a judge in vacation, are regarded as the orders of " the Court," those words, in this section, refer as well to the granting of the appeal as to the previous order granting the injunction, and are of no greater or less signification as applied to the one act than to the other. The words " the Court" and " the judge," or " judges," are frequently used in our statutes as synonymous, and when used with reference to orders made by the Court or judges, they were, we think, intended to be so understood.

It is our duty to give full effect to both these sections of the statute, if that can be done, and there does not seem to be any difficulty in doing so, for we think it is evident that the office of the 71st section, is simply to impose certain conditions on those to whom the right of appeal is given by the preceding one, namely, to require them to signify their intention to appeal, in due time, and to give bond.

As in the case of *Taylor et al.*, *supra*, the statute makes it compulsory on the Court to grant the appeal, on a sufficient bond being filed. In that case, as in this, it was contended that the words of the statute required the affidavit of the execution of the agreement to be read and filed in the Court in term, but it was held the statute was

Nov. Term,
1851.

MICHIGAN
CENTRAL
RAILROAD
COMPANY
v.
NORTHERN
INDIANA
RAILROAD
COMPANY.

sufficiently complied with by the affidavit being filed, and the rule taken, in vacation. That case is here more directly in point than those cited by the counsel for the appellees from *Henning* and *Mumford*. In those cases, it was held that an appeal could not be taken in vacation from an injunction granted in term, because, under the statute of *Virginia*, such an appeal could not be taken as a matter of right, but only when the Court should, in its discretion, think an appeal necessary to prevent a change of property.

Among the reasons given for the decision in the case of *William and Mary's College* v. *Lee's Executors*, 2 Hen. & Mumf. 557, one was, that the adverse party was entitled to be heard on the question whether, in the proper exercise of the discretion of the Court, an appeal should be granted, and he could not be required to appear and show cause in vacation. A similar reason was given by this Court for refusing to hear the former motion of the appellees in this case, to have the *supersedeas* set aside; but it is not applicable to the case now before us, because our statute allowing an appeal from an interlocutory order, gives no such discretionary power to the Court making the order. The appeal may be demanded as a matter of right, on the filing of a bond in due time, and the granting of the appeal, like the taking of the rule in the case of *Taylor et al.*, is a merely formal matter.

The appellees, indeed, contend that they are entitled to be heard on the sufficiency of the bond, and upon its being filed in due time. But they are not deprived of that right by the granting of the appeal without notice to them. The want of a sufficient bond, or the fact that the appeal was not taken in due time, can be shown on a motion to dismiss the appeal.

It is, indeed, urged, though but faintly, that the present appeal was taken too late. The order was made on the 28th of *August*, and the appeal was prayed on the 30th of that month. The statute requires such appeals to be taken at the time the orders are made. At the time, means, literally, simultaneously with; but Courts always construe

such a phrase to mean such reasonable time as may be necessary to do the act required. The precise period of time thus required must vary according to circumstances, and we cannot say, merely from the dates, that in this case an unreasonable time was allowed the appellants to perfect their appeal.

<div style="float:right">Nov. Term, 1851.

We are of opinion, therefore, that the Revised Statutes give the right of appeal in cases like the present, and, such being the case, the statute passed in 1847 does not affect that right. That statute provides that an appeal may be taken at any time during the next ensuing term of the Court; but it does not repeal, nor does it conflict with, the previous statute authorizing an appeal to be taken at the time of the making of the order.

*Per Curiam.*—The motion to dismiss the appeal is overruled.

*R. Crawford, A. L. Osborn, J. G. Marshall, J. F. Joy,* and *C. Dewey,* for the appellants.

*J. L. Jernegan, J. B. Niles, O. H. Smith,* and *S. Yandes,* for the appellees.

