## Ex Parte J. T. Bridewell.

1. **Bail.**    *Capital case.    Rule in lower court.*
   Under the Constitution of Mississippi, Bill of Rights, § 8, bail in a capital case is a matter of right, if a well-founded doubt of the prisoner's guilt be entertained. The rule in *Wray's Case*, 30 Miss. 673, affirmed; *Moore's Case*, 36 Miss. 137, *Beall's Case*, 39 Miss. 715, and *Street's Case*, 43 Miss. 1, criticised.

2. Same. *Rule in Supreme Court.*

The Supreme Court applies the same rule, subject to the *prima facie* presumption that the decision appealed from was correct.

3. Same. *Judicial discretion.*

If the proof of guilt is evident, bail in a capital case rests in sound judical discretion, to be exercised only under exceptional circumstances.

4. Same. *Habeas Corpus. Evidence. Continuance.*

Practice upon applications for bail by *habeas corpus*, as to the burden of proof, the evidence for the prosecution, postponement by the judge for further testimony, and as to the sufficiency of the bond.

Appeal from the decision of Hon. Upton M. Young, Judge of the Eleventh District of Mississippi, refusing to admit the relator to bail.

*J. S. Morris*, for the appellant, filed a brief, and argued the case orally.

Under the Constitution of Mississippi, bail in capital cases is a matter of right where the proof is not evident or the presumption great; and the court has the power, in its discretion, to admit to bail in all cases. *Ex parte Wray*, 30 Miss. 673. The court can bail even in cases where the jury on the same evidence should convict. *Moore's Case*, 36 Miss. 137; *Beall's Case*, 39 Miss. 715. The testimony fails to raise a strong presumption either that the appellant fired the shot, or, if he did so, that he was actuated by malice; and the affray in which the deceased was killed having arisen without premeditation on the part of any of the participants, the prisoner was guilty, if at all, of manslaughter only.

*Warren Cowan*, for the State, made an oral argument and filed a brief.

The evidence showed that Bridewell fired the fatal shot, and the legal presumption is that he did it with malice. The rule in *Moore's Case*, 36 Miss. 137, and *Beall's Case*, 39 Miss. 715, has been overruled by subsequent decisions; and the rule in *Street's Case*, 43 Miss. 1, now prevails in this State. Under it, the evidence being conflicting, this court cannot reverse. Even if the court was to try the question as original, the proof of guilt is evident, and no special circumstances are shown to

entitle the appellant, as a matter of favor, to what the facts do not authorize as of constitutional right.

*W. B. Pittman*, on the same side, argued orally and in writing.

The true rule applicable to bail under our Constitution is that laid down in *Ex parte Wray*, 30 Miss. 673. While the court has unlimited power to bail, it will not do so in the absence of special reasons, except where it is a matter of right. In the case at bar, express malice was clearly proved, and the crime of murder distinctly made out. Since *Street's Case*, 43 Miss. 1, this court has not treated the question of bail as an original one, but has regarded it as entitled to the same presumption of correctness as any other case on appeal. The judge below certainly committed no error, which is apparent from the facts stated in the record.

*T. C. Catchings*, Attorney General, on the same side.

Chalmers, J., delivered the opinion of the court.

By the organic law of the State, it is declared that " excessive bail shall not be required; and all persons shall, before conviction, be bailable by sufficient sureties, except for capital offences, when the proof is evident or presumption great." Bill of Rights, § 8. This provision makes the granting of bail mandatory in all cases not excluded by the exception, but does not prohibit it in cases falling within the exception. In other words, all persons have the constitutional right to be bailed, except when the proof is positive or the presumption great that they have been guilty of a capital offence; and, even when the proof against them is of this character, they may be admitted to bail within the sound discretion of the presiding judge, if there be exceptional circumstances that seem to demand it. The admission to bail, however, where there is evident proof or great presumption of guilt of a capital offence is not a constitutional right, but a matter resting in the sound judicial discretion of the trial judge, who should not grant it, save under extraordinary circumstances, such as serious and probably fatal injury to health, or unusual and protracted delay upon the part of the State in bringing the prisoner to trial.

What rule should be applied in determining whether the applicant for bail has negatived the existence of evident proof or great presumption of the commission of a capital offence, and has thereby established his constitutional right to be released from imprisonment? We remark, in the first place, that the judicial officer who hears the application is the trier of the facts, and acts upon the conviction that the testimony leaves upon his own mind. He must give or deny bail according to his opinion upon the question whether a case has been made out which brings the prisoner within or without the constitutional rule. When we sit in revision of his judgment, we act upon the conviction made upon us by a perusal of the testimony contained in the record, giving to the judgment of the inferior officer that *prima facie* presumption of correctness, which attaches to the judgment of all courts of competent jurisdiction, strengthened in this class of cases by the fact that he has seen the witnesses, and heard them testify under circumstances which made it his duty to attend to their bearing and determine their credibility.

What strength of proof shall be regarded as having made guilt evident, or the presumption of it so great as to bring the accused within the constitutional exception, and deprive him of the legal right to demand enlargement upon bail? It was said by the High Court of Errors and Appeals in *Moore's Case*, 36 Miss. 137, 142, and again in *Beall's Case*, 39 Miss. 715, that the court might admit to bail " even in cases where the jury might, or perhaps ought, on the same evidence, to render a verdict of guilty for murder." If by this it was meant that this court or the presiding judge, on the hearing of a writ of *habeas corpus*, might, in its discretion and under the exceptional circumstances alluded to above, grant bail even though the relator had not made out a case by which he was constitutionally entitled to demand it, we approve the remark; but if it was meant that the applicant, in the absence of such exceptional circumstances, can ever be said to have established a legal right to demand enlargement by testimony which would make it the duty of a jury to convict him of a capital crime, we dissent from it. A jury ought not to convict if there is a reasonable doubt of guilt, and therefore to say that the accused is constitutionally

entitled to bail, when there is no reasonable doubt of his guilt, is manifestly to nullify the provision of the Bill of Rights, which limits the absolute right to cases where the proof is not evident nor the presumption great. It would be difficult to give a meaning to these words if they do not embrace a case where guilt has been established beyond all reasonable doubt.

In *Street's Case*, 43 Miss. 1, 29, reference was made to, and an extract quoted from, *Commonwealth* v. *Keeper of the Prison*, 2 Ashmead (Penn.), 227, 234, in which the rule was announced that bail would be denied in all cases where a court would refuse to set aside a verdict of conviction of a capital crime. This rule, we think, is as plainly violative of the organic law, on the other extreme, as the remark of the High Court of Errors and Appeals in the cases above cited.

A verdict of conviction where no error of law has intervened will never be set aside unless manifestly wrong, or, as is sometimes said, if there be any evidence to support it. To say that bail will only be granted where there is no evidence showing guilt, or where the proof of guilt is so slight upon the whole testimony that a conviction would be manifestly wrong, is plainly inconsistent with the constitutional requirement that it shall be granted in all cases except where the proof is evident or the presumption great. The error of the Pennsylvania rule is in failing to give due effect to a verdict of conviction, or in overlooking the vast change it effects in the attitude of the party. By it the legal presumption of innocence is overthrown, all doubtful questions of fact are resolved in favor of the State, and the credibility or non-credibility of witnesses is conclusively established. As before remarked, where no error of law has been committed to the prejudice of the accused, the verdict will not be set aside, unless the court can say that it is without evidence to support it, or that upon a review and inspection of all the evidence the finding is plainly erroneous. To apply such a test to a proceeding for bail, and to declare that it will be denied unless the relator has demonstrated that the evidence against him is of a like unsatisfactory character, is to reverse the constitutional requirement that it shall be granted unless the proof of guilt be evident or the presumption great.

We think the true rule is announced in *Wray's Case*, 30 Miss.

673, 681, namely, that "if a well-founded doubt" (of guilt) " can even be entertained, then the proof cannot be said to be evident nor the presumption great," and in such case bail must be granted.

In announcing our concurrence in the rule laid down in *Wray's Case*, we are not to be understood as declaring our approval of the application of that rule to the facts of that case, as to which there was a want of unanimity among the members of the court, but only as adopting the principle of law which seems to have met the undivided assent of that court as it does our own.

Upon an application for bail by writ of *habeas corpus*, the burden is upon the relator to show that he is illegally deprived of his liberty; and the officer hearing the case should require the production of all the available testimony for the prosecution, and should, if necessary, postpone the hearing until it can be obtained. If, upon the whole testimony adduced before him, he entertains a reasonable doubt, whether the relator committed the act or whether in so doing he was guilty of a capital crime, he should admit him to bail in such sum and with such sureties as will in his opinion certainly ensure his appearance. If bail is refused, and the matter comes before us for review, we shall apply the same rule, keeping in mind the *prima facie* legal presumption that the action of the judge below was correct.

Under the rule thus announced, we think the relator in the present case is entitled, under the proof now before us, to be enlarged upon bail; and, in view of the showing made as to his poverty, we fix the amount at five thousand dollars, to be obligatory, jointly and severally, for the full amount upon himself and two good and solvent sureties to be approved by the judge from whose order this appeal is taken.

*Ordered accordingly.*