## *In re* Thomas *et al.*

No. 43.   Opinion Filed Feb. 4, 1908.

(93 Pac. 980.)

1.   BAIL—Application for—Burden of Proof on Applicant. Upon an application to the Supreme Court for bail, by writ of habeas corpus, after commitment for a capital offense by a justice of the peace, the burden is upon the petitioner to show that he is illegally deprived of his liberty.

2.   SAME—Reasonable Doubt. If, after hearing the whole evidence, introduced on the application for bail, it is insufficient to generate in the mind of the court a reasonable doubt whether the accused committed the act charged, and in doing so they were guilty of a capital offense, bail should be refused.

3.   SAME—Conflict in Evidence—Force to be Given. It is not all conflicting exculpatory evidence that will have the effect to raise a reasonable doubt of guilt, and destroy or impair the force of "evident proof" made by inculpatory evidence. It is for the judge or court who hears the testimony to consider the evidence as a whole, and if by the entire evidence a reasonable doubt of the applicant's guilt of a capital offense is not generated the proof is evident and bail should be denied.

(Syllabus by the Court.)

### Original Proceeding in Habeas Corpus.

Application of John F. Thomas and Will Thomas for writ of *habeas corpus*.   Bail refused.

*T. J. McMurray, Al J. Jennings,* and *John H. Burford,* for petitioners.

*Charles West, Atty. Gen.; W. C. Reeves, Asst. Atty. Gen.; S. M. Cunningham, Fain & Young,* and *W. Poindexter,* for the State.

KANE, J. This cause is here on a petition for a writ of *habeas corpus* by John F. Thomas and Will Thomas, in which they contend they are unlawfully imprisoned and restrained at Lawton in the common jail of Comanche county, state of Oklahoma, by Rufe Le Fors, sheriff of said county, and one Julian, jailor of said Comanche county jail; that the cause of restraint, according to their best knowledge and belief, is that they have been committed to said Comanche county jail for the crime of murder, without

bail, by a justice of the peace sitting as an examining magistrate. Said petitioners further allege that they are innocent of the crime of murder and that the proof, as shown by the record of this cause in the examining trial under which they were committed, shows that the proof against them is not evident nor the presumption thereof great. On this petition a writ of *habeas corpus* was issued For his return to the writ Rufe Le Fors, sheriff of Comanche county, state of Oklahoma, shows to the court that he holds the petitioners in his custody and restrains them of their liberty by virtue of a writ of commitment issued by S. Armstrong, justice of the peace in and for the city of Lawton, Comanche county, state of Oklahoma, to him issued and delivered on the 22d day of January, 1908, upon hearing before said S. Armstrong, justice of the peace, in a preliminary trial in said court, charging the petitioners with the crime of murder; that the petitioners were committed to the common jail of Comanche county, Okla., and are being held by him as the duly qualified and acting sheriff of Comanche county, under and by virtue of said commitment; and that he now produces said petitioners in person in this court in obedience to said writ of *habeas corpus.*

: Upon agreement of counsel the case was heard in this court upon the record and testimony introduced at the preliminary examination before Hon. S. Armstrong, justice of the peace within and for the city of Lawton, Comanche county, Okla. The question, then, before the court is: Are the petitioners entitled to bail upon the showing made at the preliminary examination before the committing magistrate, under section 17, art. 2, of the Bill of Rights of the state of Oklahoma? which reads:

"All persons shall be liable by sufficient sureties, except for capital offenses when the proof of guilt is evident, or the presumption thereof is great."

The first appearance of the above terms in American statutory or constitutional law seems to have been in a part of article 2 of an Ordinance for the Government of the Territories of the United States north of the River Ohio, which reads as follows:

"The inhabitants of the said territory shall always be entitled

to the benefit of the writ of *habeas corpus,* and of the trial by jury, of a proportionate representation of the people in the Legislature, and of judicial proceedings according to the course of the common law. All persons shall be bailable, unless for capital offenses, where the proof shall be evident, or the presumption great." (1 Stat. 52.)

From this original this language has been copied into most of the state Constitutions and statutes. With the exception that some Constitutions contain only provisions as "excessive bail," and that others use the words "before conviction," or words of like import, or the words "murder" and "treason," instead of the words "capital offenses," and other slight changes, the language used above is substantially that of all the Constitutions

The only use of the term, "when the proof is evident or the presumption great," independent of statute or Constitution, we have been able to find in the Reports is in *Territory v. Benoit,* 1 Mart. (O. S.) 141, by the Supreme Court of Louisiana The indictment was for a capital offense, and the motion was to have the defendant bailed. The court said:

"It cannot be done. Bail is never allowed in offenses punishable by death, when the proof is evident or the presumption great."

In *High v. United States,* reported in Morris (Iowa) 407, 43 Am. Dec. 111, Mr. Chief Justice Mason, speaking of this provision as it appears in the Ordinance of 1787, says:

"The Ordinance of 1787, the benefits of which have been transmitted to us, declares that 'all persons shall be bailable, unless for capital offenses, where the proof shall be evident, or the presumption great.' This is no new provision, but is in express terms incorporated in the Constitutions of at least one-half of the states of the Union, and is the rule of action in all the rest. It is merely declaratory of the common law of the United States."

By the common law all offenses, including treason, murder, and other felonies, were bailable before indictment found. Certain restrictions were, however, enforced upon justices of the peace concerning their right to let to bail; but in the Court of King's Bench bail was not a matter of right in capital felonies, being limited by judicial discretion exercised according to the degree of

proof of guilt. *Rex. v. Marks,* 3 East, 157; *Ex parte Baronett,* 16 Eng. L. & Eq. 361; 2 Hale, P. C. 129. These principles of the common law are materially modified, in all except capital offenses, by our constitutional provision quoted above, and now, instead of all cases being bailable in the discretion of the court and not as a matter of right, under section 17 of the Bill of Rights all persons shall be bailable by sufficient sureties, as a matter of right, except for capital offenses when the proof of guilt is evident or the presumption thereof is great.

"If the offense is not shown by evident proof or great presumption to be one for the commission of which the law inflicts capital punishment, bail is not a matter of mere discretion with the court, but of right to the prisoner." (*Ex parte Bryant,* 34 Ala. 270.)

The policy pervading our jurisprudence is to commit as little as possible to judicial discretion, presuming that "that system of laws is best which confides as little as possible to the discretion of the judge—that judge is best who relies as little as possible upon his own opinion." In pursuance of this policy, ever since the provisions "that all persons shall be bailable by sufficient sureties except for capital offenses, where the proof of guilt is evident or the presumption thereof is great," became a part of the settled constitutional and statutory law of nearly all the states of the Union, the courts have endeavored, with more or less success, to formulate some stable rule to guide their judgment in cases like the one at bar.

Thus it was said by the court of common pleas of Philadelphia county in an early case, construing exactly the same provision in the Pennsylvania Constitution:

"It is a safe rule, where malicious homicide is charged, to refuse bail in all cases where a judge would sustain a capital conviction if pronounced by a jury on such evidence of guilt as was exhibited by him on the hearing of the application to admit to bail. (*Com. v. Keeper of Prison,* 2 Ashm. [Pa.] 227.)

This doctrine is approved in a *per curiam* opinion in the *Matter of Salvador Troia on Habeas Corpus,* 64 Cal. 152, 28 Pac. 231,

where the court adopts the above excerpt from the Pennsylvania case as part of its syllabus.

Simrall, J., in *Street v. State,* 43 Miss. 1 cites the rule laid down in the same approvingly, saying:

"There is much force in the words of the Pennsylvania court in the case of *Commonwealth v. Keeper of Prison,* 1 Ashm. (Pa.) 234."

*Street v. State, supra,* was in the Supreme Court on a writ of error issued to the district court of Yazoo county, and Justice Simrall stated as a reason for adopting the Pennsylvania rule that:

"It would be going very far in the appellate court to reverse the judgment of the court who saw, heard, and observed the witnesses."

Ohio in *State v. Summons,* 19 Ohio, 139; Indiana, in *Lumm v. State,* 3 Ind. 239; California, in the *Matter of Salvador Troia on habeas corpus,* 64 Cal. 152, 28 Pac. 231; Texas, *In Re Foster,* 5 Tex. App. 625, 32 Am. Rep. 577, and possibly one or two other cases, refer to the Pennsylvania case approvingly.

But most of these cases were in the Supreme Courts on appeal, and in others of them the rule has since been disapproved by the highest courts of the same states.

Another line of decisions hold that the terms "when the proof of guilt is evident, or the presumption thereof is great," are as definite to the legal mind as any words of explanation could make them. In the states where this rule prevails the courts, when they refuse bail, do so with the statement "that bail should be refused where the proof of guilt is evident or the presumption thereof is great;" and when bail is granted, by the statement, "that where the proof of guilt is not evident, nor the presumption thereof great, bail should be allowed in capital cases." Thus in California, in *Ex parte Walpole,* 85 Cal. 362, 24 Pac. 657, Fox, J., without commenting on the rule laid down in the *Matter of Salvador Troia, supra,* says:

"On the question of admission to bail, the offense charged is punishable with death, unless the jury fix it at imprisonment for life. The defendant, therefore, cannot be admitted to bail if the proof of his guilt is evident or the presumption thereof great."

Colorado, Kansas, Kentucky, and Texas in several cases have followed this rule.

This court does not look with favor on either of the above rules. The first one seems to us to be unmindful of the inherent right of life, liberty, and the pursuit of happiness of the citizen, and casts burdens upon those charged with capital offenses not contemplated by the law. The second is too general to be useful as a guide to the judgment of the court in weighing the evidence when the liberty of the citizen is in the balance. Primarily a person charged with a capital offense cannot demand bail as a matter of right, since, upon ascertaining the character of the charge against the accused, the next question would be as to the degree of proof and the nature of the presumption of guilt. Upon an application to the Supreme Court for bail, by writ of *habeas corpus,* after commitment for a capital offense by a justice of the peace, the burden is upon the petitioner to show that he is illegally deprived of his liberty. *Ex parte Hammock,* 78 Ala. 414; *Ex parte Rhear,* 77 Ala. 92; *Ex parte Vaughan,* 44 Ala. 417. On this question there is ittle conflict in the authorities. Alabama, California, Florida, Indiana, Nevada, New Jersey, New York, Utah, and Wyoming all support the proposition. Texas seems to be the only state placing the burden of proof upon the state to show that the offense is a capital one and that the proof is evident; but even there the doctrine of the text prevailed until it was upset in the case of *Ex parte Bud Newman,* 38 Tex. Cr. R. 164, 41 S. W. 628 70 Am. St. Rep. 740.

We believe that, with the burden of proof on the petitioners, if, after hearing the whole evidence introduced on the application, for bail, it is insufficient to generate in the mind of the court a reasonable doubt whether the accused committed the act charged, and in doing so they were guilty of a capital offense, bail should be refused. But we do not wish to be understood as laying this down as a hard and fast rule, to which there may be no exceptions. There may be exceptional circumstances, such as the serious and probably fatal injury to health, or unusual and protracted delay

upon the part of the state in bringing the prisoner to trial, that may warrant the court hearing all the evidence to admit to bail, when the proof of guilt is evident or the presumption thereof is great. The admission to bail, however, under these circumstances is not a constitutional right, but a matter resting in the sound judicial discretion of the trial judge, who should not grant it save under extraordinary circumstances. The rule herein laid down is supported by an array of well-reasoned cases. Those we particularly rely on are *Ex parte McAnally*, 53 Ala. 495, 25 Am. Rep. 646, *Ex parte Bridewell*, 57 Miss. 39; *Ex parte Tom Smith, Jr.*, 23 Tex. App. 100, 5 S. W. 99.

In *Ex parte McAnally*, Brickwell, C. J., states the rule thus:

"If the evidence is clear and strong, leading a well-guarded and dispassionate judgment to the conclusion that the offense has been committed, that the accused is the guilty agent, and that he would probably be punished capitally if the law is administered, bail is not a matter of right."

*Ex parte Bridewell*, Chalmers, J., states the rule as follows.

"Upon an application for bail by writ of *habeas corpus,* the burden is upon the relator to show that he is illegally deprived of his liberty. * * * If, upon the whole testimony adduced, the court entertains a reasonable doubt whether the relator committed the act, or whether in so doing he was guilty of a capital crime, he should admit him to bail in such sum and with such sureties as will in his opinion certainly insure his appearance."

We wish here to quote with approval the language of Chalmers, J., in rejecting the Pennsylvania rule laid down in *Com. v. Keeper of Prison,* 2 Ashm. (Pa.) 227:

"The error of the Pennsylvania rule is in failing to give due effect to a verdict of conviction, or in overlooking the vast change it effects in the attitude of the party. By it the legal presumption of innocence is overthrown, all doubtful questions of fact are resolved in favor of the state, and the credibility or noncredibility of witnesses is conclusively established. A verdict of conviction where no error of law has intervened will never be set aside unless manifestly wrong, or, as is sometimes said, if there be any evidence to support it. To say that bail will only be granted where there is no evidence showing guilt, or where the proof of guilt is

so slight upon the whole testimony that a conviction would be manifestly wrong, is plainly inconsistent with the constitutional requirement that it shall be granted in all cases except where the proof is evident or the presumption great."

Both of the foregoing cases were reviewed in *Ex parte Tom Smith, Jr., supra.* Mr. Justice Willson, speaking of the rule laid down in the *Case of McAnally, supra,* said:

"With regard to the second rule, it is not, as we can perceive, objectionable. It is, as we understand it, in harmony with the constitutional requirement that bail shall be granted unless the proof is evident. It is, in effect, the same rule stated as a correct one in the *Bridewell Case, supra,* but in different language."

We approve the Alabama rule, as stated in the *McAnally Case,* in the main; but we believe that the part reading, "and that he would probably be punished capitally if the law is administered," is a little more liberal in favor of the accused than a fair construction of the provision under discussion warrants. Under the statutes of Oklahoma the jury have the power in all cases of murder to determine whether the punishment shall be death or imprisonment for life; but this does not make the offense less capital. It would seem to us that a rule that would require the court to speculate as to what punishment a jury might probably inflict upon any given state of facts would be more harmful than helpful. Speaking of the rule of the Pennsylvania case, *supra,* Justice Willson, in *Ex parte Tom Smith, Jr.,* said:

"With respect to the first rule, we are convinced that it is wrong and should no longer be recognized as a guide. It is ably and justly criticised in the *Bridewell Case,* 57 Miss. 39."

And the doctrine of this case is not without support from the courts where the common-law rule prevails. The law is laid down to the same effect in 4 Bl. Com. 299; and in *Rex v. Marks,* 3 East. 165, the rule is advanced in these cautious and qualified terms:

"The court will bail whenever there is any doubt on the law or the facts in the case."

And again in New York, a state following the common-law rule, we find the following in relation to a case similar to the one at bar: \

"If there be no reasonable doubt of the prisoner's guilt, he ought not to be bailed." (*Ex parte Taylor*, 5 Cow. 39.)

The same doctrine is sanctioned in *State v. McNab*, 20 N. H. 160, and *State v. Rockafellow*, 6 N. J. Law, 335. The rule is practically the same in the federal courts:

"On testimony given in court on the return of a writ of *habeas corpus*, if it is clear to the mind of the judge that a conviction for murder should not take place, he will order the prisoner to give bail for his appearance." (*U. S. v. Marshal of Dis. of Col.*, Fed. Cas. No. 15,725a.)

The point is made that, as there is a conflict in the testimony adduced at the hearing, the proof of guilt cannot be said to be evident or the presumption thereof great. This contention cannot be sustained.

"To the mind of the tribunal passing upon the evidence the guilt of the applicant of a capital offense may be evident—that is, clear, strong, not admitting of a reasonable doubt—and yet there may be evidence in conflict with such inculpatory evidence. It is not all conflicting exculpatory evidence that will have the effect to raise a reasonable doubt of guilt and destroy or impair the force of 'evident proof' made by inculpatory evidence. It is for the judge or court who hears the testimony to consider the evidence as a whole, and if by the entire evidence a reasonable doubt of the applicant's guilt of a capital offense is not generated the proof is evident and bail should be denied." (*Ex parte Tom Smith, Jr.*, 23 Tex. App. 127, 5 S. W. 102.)

We will not comment upon the evidence, lest our comments should influence the final trial. To decline to do so seems to be the uniform practice, as it has always obtained in such cases. We will only say that, applying the rules herein enunciated to the facts as shown by all the evidence before us, we are of the opinion that the proof of guilt is evident and the presumption thereof is great. We do not wish to be understood as saying that the petitioners are guilty of murder, or that their innocence of the offense charged or of a lower degree of homicide may not be made to appear most fully upon their final trial. We are only passing upon the sufficiency of the evidence exhibited in this record, and upon it alone is our opinion predicated.

It follows that bail must be refused.

Dunn and Turner, JJ., concur; Hayes, J., concurs in the reasoning and the rules enunciated, but dissents from the conclusion refusing bail to petitioner John F. Thomas; Williams, C. J., dissents from some of the reasoning and some of the rules enunciated, but concurs in the conclusion refusing bail.