EX PARTE PLATA, PETITIONER AND APPELLANT, AND THE PEOPLE, CONTESTANT AND RESPONDENT.

APPEAL from the District Court of Ponce in *Habeas Corpus* Proceedings.

No. 813.—Decided March 27, 1915.

COURTS—JUDGES.—The one common and essential feature in all courts is a judge or judges—so essential, indeed, that they are even called *the court* as distinguished from the accessory and subordinate officers.

ID.—MINISTERIAL OFFICERS.—Secretaries and marshals are ministerial officers and are in nowise necessary to the existence of a court.

ID.—ID.—ABSENCE OF MINISTERIAL OFFICERS DURING TRIAL.—The mere absence of the secretary and marshal does not invalidate the proceedings had at a trial, especially when, as in the case at bar, the defendant had his day in court and has failed to show that he was deprived of any substantial right or in anywise prejudiced therein by reason of such absence or that he objected or called the attention of the trial court to the matter.

The facts are stated in the opinion.

*Mr. Leopoldo Tormes* for the appellant.

*Mr. Salvador Mestre, fiscal,* for The People.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Appellant applied to the District Court of Ponce for a writ of *habeas corpus,* alleging as grounds for his petition that he had been tried and convicted in a municipal court in the absence of the secretary and the marshal thereof; that the court being composed of the judge, secretary and marshal, the presence of the two last-mentioned officers is an indispensable prerequisite to the existence of the court, and, therefore, that the proceedings had before the judge sitting

alone are void *ab initio*. No question of time or place is involved.

The trial court was quite right in remanding the petitioner to custody. Appellant relies solely upon the law of 1904 reorganizing the judiciary, subsequent legislation in regard to municipal courts and the various definitions of a court found in 11 Cyc., page 652, and cases there cited. Neither the laws, text nor cases referred to sustain his contention, but point rather to the contrary conclusion.

"The one common and essential feature in all courts is a judge or judges—so essential, indeed, that they are even called *the court*, as distinguished from the accessory and subordinate officers; 3 Ind., 239; 53 Mo., 173; see 19 Vt., 478. Courts of record are also provided with a recording officer, variously known as clerk, prothonotary, register, etc.; while in all courts there are counsellors, attorneys, or similar officers recognized as peculiarly suitable persons to represent the parties actually concerned in the causes, who are considered as officers of the court and assistants of the judges, together with a variety of ministerial officers, such as sheriffs, constables, bailiffs, tipstaves, criers, etc." 1 Bouvier, 452.

"It is frequently provided by statute that the sheriff of a county shall attend certain courts. Where this provision is construed as a directory one his presence is not necessary to the organization or continuance of the court." 11 Cyc., 739.

"A clerk of court is an officer of a court of justice who has charge of the clerical part of its business, who keeps its records and seal, issues process, enters judgments and orders, gives certified copies from the records, etc. The office of clerk of court, although sometimes endowed with certain judicial attributes, is essentially a ministerial office, and it is in no way necessary to the existence of a court." 7 Cyc., 196.

"The clerk of a court of justice, using the term as the title of a particular officer, is a ministerial officer of the court, having the custody of its records and seals, with power to certify to the correctness of transcripts from such records, and possessing authority to perform certain acts of a judicial nature incidental to his ministerial duties. * * *."

"The courts uniformly hold that the office of clerk of a court of justice is ministerial, and that it includes no judicial authority except by constitutional or legislative provision." 5 R. C. L., 620 and 626.

It follows that the mere absence of the ministerial officers mentioned does not necessarily invalidate the proceedings had at the trial; and, petitioner having had his day in court and not having shown that he was deprived of any substantial right, or in anywise prejudiced therein by reason of such absence, or that he even objected or called the attention of the municipal court thereto at the time, the judgment of the district court must be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.