## PEOPLE
### v.
## BARROW

No. 13

District Court of the Virgin Islands

Christiansted Sub-Judicial District
Saint Croix

February 19, 1923

McKEAN, *Judge*

January 16th, 1923, the defendant, by his attorney, moved "for an Order declaring the undertaking given by said defendant, and William S. Abramson void for the following cause, to wit:

"That defendant Reginald Barrow was on the 19th day of September, A.D. 1922, deported from this jurisdiction by an Executive Order of the Governor of the Virgin Islands."

It will be noticed at the outset that this is not an action of the William S. Abramson who appears to be surety in an undertaking given in the above-entitled case. It is further noted that no authorities have been adduced in support of the motion.

"The law is a jealous mistress." It follows that practitioners should so prepare their cases that they may be intelligently and intelligibly presented, leaving nothing to surmise or conjecture. To paraphrase Wm. H. Lloyd in the Introduction to his "Cases on Pleading," there should be some formulation of every legal question that is presented in a court of record. For illustration, in the case in hand, it should be shown, inter alia, upon what grounds the defendant is alleged to have been deported.

It does not appear that any forfeiture of the undertaking has been declared. State v. Merrihan, 29 Am. Rep. 464. While not necessary to the determination of the case at this time, it may be questioned whether the undertaking should be exonerated, if it should appear in a proper action by The People that the deportation referred

to was brought about by the deportee's conduct subsequent to the date of the entry of said undertaking. There is some authority in support of this view, for a man's bail are looked upon as his jailers in the eye of the law (State v. McNab, 20 N.H. 160), and, logically, at least, a surety would seem responsible for the conduct of his principal while in his custody.