## EX PARTE JESSE MARTIN.

### [52 South. 258.]

BAIL. *Capital offense. Constitution* 1890, *sec.* 29.

Under Constitution 1890, sec. 29, providing that "all persons shall, before conviction, be bailable by sufficient sureties, except for capital offenses when the proof is evident or the presumption great," a prisoner under indictment for a capital crime:—

(*a*) Is entitled to bail as a matter of right unless the proof of his guilt is evident or the presumption great; but

(*b*) Where the proof of his guilt is evident or the presumption great he is not entitled to bail, except under special and extraordinary circumstances.

FROM decision on *habeas corpus,* rendered at the court house of Sharkey county.

HON. JAMES STOWERS HICKS, Chancellor.

Martin, appellant, was denied bail and appealed to the supreme court. The facts are stated in the opinion of the court.

*McLaurin & Thames,* for appellant.

In *Moore v. State,* 36 Miss. 137, HARRIS, J., speaking for this court said: "We wish it understood, that on application for bail, we may grant the bail, even where the jury might, and perhaps ought, on the same evidence, to render a verdict of guilty for murder;" and it will be seen from the report of the case that Moore shot Johnson with a rifle seventy yards away.

There was no eye witness of the killing. The evidence shows that appellant and Borodofsky were from forty to fifty yards apart when the shots were fired. The deceased loaded the only empty barrel of his pistol, being in his buggy, and drove away from the witness J. W. Martin. In two or three minutes the gun was fired. When witness Martin got to appellant he told the

witness that "Boro was trying to shoot him, and that he shot Boro." The physical facts bear out his statement. Borodofsky was lying with his pistol in his right hand and had the buggy reins in his left, showing conclusively that he meant business. The testimony of Ida Brown when analyzed spells out nothing. The killing occurred on a public road and appellant had a perfect legal and moral right to be where he was. The law will presume he was there on legitimate business.

If the witnesses, Hamlin and Martin, heard appellant say "I've got you" it amounts to nothing. It must be remembered that appellant with a pistol drawn on him had to fire quickly and must necessarily have been excited. However, these witnesses must have been mistaken as it is impossible to hear and understand what a man says at so great a distance as they were from appellant.

*Carl Fox,* assistant attorney-general, *contra.*

It is true that in *Moore v. State,* 36 Miss. 137, this court held that bail might be granted "even where the jury might, and, perhaps, on the same evidence, should, render a verdict of guilty of murder," but this court has held that in such cases bail will not be granted unless there are exceptional circumstances apart from the defendant that demanded it: *Ex parte Bridewell,* 57 Miss. 177; *Ex parte Patterson,* 56 Miss. 161; *Ex parte Hamilton,* 65 Miss. 147. The record in this case does not show exceptional circumstances apart from the offense. There is no justification shown, and a motive for the killing is shown. In other words the mere fact that Borodofsky went down the road with a pistol in his hand and was found dead with the pistol still in his hand which had not been fired is not sufficient to establish self-defense for Martin.

Argued orally by *William K. McLaurin,* for appellant.

McLain, C.

This is an appeal from an order of Chancellor J. S. Hicks, refusing bail to Jesse Martin at the hearing of a writ of *habeas corpus,* on the 22d day of April, 1910, in the courthouse of Sharkey county. Jesse Martin was indicted in Sharkey county at the March term, 1910, for the murder of one Noah Borodofsky.

Counsel for relator quotes, with approval, from the case of *Moore v. State,* 36 Miss. 137, as follows: "We wish it understood that, on application for bail, we may grant the bail even where the jury might, and perhaps ought, on the same evidence, to render a verdict of guilty for murder." This rule is criticised by this court in the case of *Ex parte Bridewell,* 57 Miss. 39, in this language: "If by this it was meant that this court, or the presiding judge, on the hearing of a writ of *habeas corpus,* might, in its discretion and under the exceptional circumstances alluded to above, grant bail, even though the relator had not made out a case by which he was constitutionally entitled to demand it, we approve the remark; but if it is meant that the applicant, in the absence of such exceptional circumstances, can ever be said to have established a legal right to demand enlargement by testimony which would make it the duty of a jury to convict him of a capital crime, we dissent from it."

A prisoner, if indicted for a capital offense, when proof is evident or presumption great, should not be admitted to bail, except under special and extraordinary circumstances, or other causes making it reasonable that he should be bailed; but, if the proof is not evident nor the presumption great, he is entitled to bail as a matter of right. In *Wray's case,* 30 Miss. 673, it was held that, if a well-founded doubt (of guilt) can even be entertained, then the proof cannot be said to be evident nor the presumption great, and in such case bail must be granted.

We have carefully inspected the record in this case. We re-

frain from making any comment on the testimony. The chancellor was the trier of the facts, and acted upon the conviction the testimony made upon his mind. He saw the witnesses and heard them testify, and was in a position to determine their credibility and give such weight to the testimony of each as in his judgment it was entitled to. After a careful study of the testimony in the record of this case, it seems to us that it cannot be said that the chancellor abused his discretion in declining to allow the relator bail. The decision of the chancellor should be affirmed.

PER CURIAM. For reasons stated in the above opinion of the commissioner, this case is affirmed.

*Affirmed.*