George Smith *v.* State.

[58 South. 539]

1. Criminal Law. *Former jeopardy. Pleading. Demurrer.*

A former conviction before a justice of the peace competent to try the case is a bar to an indictment for the identical offense subsequently presented in the circuit court.

2. Criminal Law. *Pleading. Demurrer.*

A demurrer to a plea is a confession of the truthfulness of the averments of the plea.

Appeal from the circuit court of Washington county. Hon. J. M. Cashin, Judge.

George Smith was convicted of unlawful retailing and appeals.

The facts are fully stated in the opinion of the court.

*Watson & Jayne,* for appellant.

1. The trial court erred in sustaining the demurrer of the state to the plea of *autrefois* convict interposed by appellant.

The plea of *autrefois* convict interposed by appellant herein met all of the requirements of law and was valid. It set out therein in substance in the following allegations: (a) A former conviction; (b) of an offense cognizable by the court of a justice of the peace, which offense was committed within his district; (c) that the justice of the peace and the circuit court had concurrent jurisdiction

of the offense; that the offense whereof appellant was convicted in the court of the justice of the peace was identical with that laid in the indictment. This plea was prepared with due reference to the precedents and met the requirements of all of the authorities on Criminal Procedure. This is not of that character of plea which requires the greatest degree of certainty. It is sufficient to state the facts constituting the former jeopardy. *Helm* v. *State,* 66 Miss. 537.

2. The trial court erred in excluding the evidence sought to be brought out by appellant by cross-examination of the witnesses for the state, showing his former conviction in the justice of the peace court on the charge of which he was indicted, and also tending to show that at said trial before said justice of the peace, evidence was introduced of other sales made by him anterior to December 2, 1911.

The trial court should have admitted the evidence tending to show the former conviction of the appellant in the court of the justice of the peace for two reasons: (a) that the evidence went to the identification of the offense of which he was tried in the justice court with that of which he was being tried in the circuit court, so far as the sale of December 2, 1911, was concerned; and (b) because the evidence tended to show that on his trial before the justice of the peace, evidence was introduced of other sales made anterior to December 2, 1911, and within two years next prior thereto. *Wadley* v. *State,* 96 Miss. 77; *Neely* v. *State,* 56 South. 377.

3. The trial court erred in denying appellant leave to file his plea of *autrefois* convict during the progress of the trial in the circuit court.

Even if the trial court was correct in sustaining the demurrer to appellant's plea of *autrefois* convict, still he should have been allowed to interpose his plea again during the trial under the facts there developed. *Wadley* v. *State,* 96 Miss. 77; *Neely* v. *State,* 56 South. 377.

In *Wadley* v. *State,* no specific date being alleged upon which the offense was committed, the court says: .

"As the indictment did not allege the date on which the violation occurred, and as it was returned subsequent to the conviction of appellant in the justice court, it would hardly be expected that he would file the plea of former conviction until it developed in the state's testimony that the state intended to rest its prosecution on a sale occurring prior to the conviction before the justice. It may be better practice to file the plea of former conviction before the trial commences, if the defendant knows such fact as would justify the plea at that time; but in this case we know of no rule of pleading that makes it imperative for a plea of this nature to be filed before the trial is begun, and to so hold in this case would thwart justice."

In the case at bar the state relied in part on the identical offense covered by the plea of *autrefois* convict, and also on other sales made within two years next prior thereto, the indictment alleging a later date than any of these offenses, therefore, as stated in the Wadley case, the appellant could hardly be expected to file his plea of former conviction as to these sales made anterior to his conviction until the testimony of the state indicated that it intended to rest its prosecution on such sales. After this developed, appellant should have been allowed to file his plea of *autrefois* convict, and to show by evidence that the state introduced evidence before the justice of the peace, showing and relying on sales anterior to the one of December 2, 1911.

As has been often said by the courts and text writers, a plea of *autrefois* acquit and *autrefois* convict are favored pleas in the law and in the case at bar; we fail to see any sound reason in law or fact why at this stage in the progress of the trial of this cause, appellant should not have been allowed to avail of his plea of *autrefois* convict and of the evidence sought to be introduced sustaining the same.

*Frank Johnston,* assistant attorney-general, for appellee.

I am not prepared to say that the action of the court was correct in sustaining the demurrer to the plea. If it was a correct ruling at all, it was exceedingly technical, and could only have proceeded upon the technical point that the precise date of the offense of which the defendant had been convicted before the justice's court had not been named in the plea. The plea unquestionably avers expressly, and positively, that the time named in the affidavit, or the date of the offense there charged on which he was tried and convicted in a former case was the same offense charged under the indictment.

The defendant, after the demurrer was sustained, and when the development of the particular sale relied on for his conviction under this indictment by the state's testimony had been made, then offered to prove that that identical sale was testified to as the charge upon which he was convicted under the indictment in the justice's court; and again, after the date of the sale had been again fixed by Vance and Jones, state's witnesses, he asked to be permitted to prove that, in point of fact, the sales, under the indictment and the affidavit, respectively, were the same, and then further, *ex industria,* the defendant asked leave of the court to interpose a plea of former conviction.

This is a full and accurate statement of the question decided by the court below in both its phases, and the correctness of which I now respectfully submit to this honorable court without argument. I desire to state, however, that this matter of the number of offenses that may be given in evidence on a charge of liquor selling, and the matter of the plea of former conviction, or acquittal, in such cases, is fixed by Sec. 1762 of the Code of 1906. This statute was construed by this court in the case of *Wadley* v. *State,* 96 Miss. 77, in which this question, presented in the present case, was considered and

adjudicated. Accordingly, I now respectfully submit the case for the consideration and decision of the court.

COOK, J., delivered the opinion of the court.

Appellant was indicted in the circuit court of Washington county for the unlawful sale of intoxicating liquors. He pleaded in bar a former conviction for the identical offense charged in the indictment, by a justice of the peace competent to try the case. The state demurred to this plea, the demurrer was sustained, appellant was placed upon trial, and convicted.

We have been unable to conceive why this demurrer was sustained. If the facts stated in the plea were true, appellant was undoubtedly entitled to a discharge. The demurrer confessed the truthfulness of the averments of the plea, and manifestly it should have been overruled.                              *Reversed and remanded.*