## STATE *v.* A. N. BEATTIE.

### [60 South. 1016.]

1. CRIMINAL LAW. *Gaming. Indictment. Sufficiency. Laws* 1908, *chapter* 118. *Joinder of counts. Statutes. Subject and title of act.*

An indictment charging that accused "willingly and unlawfully operated the business of dealing in futures on margin, contrary to Laws 1908, chapter 118," was not demurrable in failing to charge that he engaged in any business in violation of law.

2. INDICTMENT. *Joinder of counts. Several capacities.*

An indictment which in separate counts charged that accused operated a place of business for the purpose of carrying on the business of dealing in futures on margin, in one count as principle, in another count as agent, in another count as broker, and in another count as intermediary, only charged one offense in several capacities and not several separate and distinct offenses.

3. GAMING. *Indictment. Sufficiency.*

An indictment charging accused with operating a place of business for the purpose of "dealing in futures on margin" in

violation of the Laws of 1908, chapter 118, was not defective
in failing to aver that any contracts were made in violation
of law.

4. STATUTES. *Subject and title of act.*

    Laws 1908, chapter 118, is not violative of any provision of
    the Constitution, state or national, in that the body of the
    act does not conform to its title or that the title is misleading
    or that it does not convey any knowledge of the scope of the
    proposed law or of the change in the law sought to be accom-
    plished thereby.

5. COMMERCE. *Restrictions. Laws 1908, chapter 118.*

    Laws 1908, chapter 118, is not unconstitutional as placing undue
    burdens and restrictions on interstate commerce.

APPEAL from the circuit court of Coahoma county.
HON. T. B. WATKINS, Judge.

A. N. Beattie was indicted for dealing in futures.
From a judgment sustaining a demurrer to the indict-
ment, the state appeals.

The facts are fully stated in the opinion of the court.

*Frank Johnston,* assistant attorney-general, for the
state.

The first section of this act, chapter 118, Acts 1908,
makes it an offense for a person to operate an office or
place of business for the purpose of carrying on the
business what is commonly called "dealing in futures on
margin." It apparently defined the offense as maintain-
ing or operating an office or place of business for this
purpose; so while the indictment does not specifically de-
fine any particular contract that was made by Mr. Beat-
tie either as an agent or intermediary, yet it does charge
that he operated a place of business in Clarksdale for
the purpose of carrying on and engaging in the business
which is forbidden by this act.

I submit to the court for its consideration the propo-
sition that section 1 of this act does not make the mere

act of executing a contract of this character an offense, but keeping the place of business where such contracts are to be made, and maintaining and operating an office for the purpose of carrying on this business, and that, therefore, a broker for this kind of contracts keeping such a place would be liable under section 1 of the Act of 1908.

As to a definition of the place where the business was carried on, I submit to the court that the indictment is sufficient in stating that it was a place on Delta avenue in Clarksdale, south of Third street; the precise building was not located by number or square, and I submit, therefore, the question to the court if this was not a sufficient designation of the place.

It will be observed that section 8 of the law provides that it shall not be necessary in an indictment to aver the particulars of the offense charged, but that it shall be sufficient to charge that the accused unlawfully operated a place of business, or office, giving the location, for the purpose of carrying on the business of a broker, agent or intermediary for contracts called dealing in futures on margin; or that he "did unlawfully act as agent, broker or intermediary for the making of a contract commonly called dealing in futures on margin."

Section 8 of the Act of 1908 further provides that the state shall not be confined to a single act or violation of the law, but may give in evidence any act not barred by the statute of limitations, and then, as in the case of the liquor law, it provides that in such trial, after conviction or acquittal on the merits, the accused shall not again be liable to prosecution for any offense of the same character committed anterior to the day laid in the indictment.

Under the provision of section 8 of the Act of 1908 it is not a good objection, therefore, that several offenses are charged in the indictment, but I submit to the court whether the indictment does charge but one of-

fense and that is the offense under section 1 which is maintaining and operating an office or place of business for the purpose of carrying on the business prohibited by this act.''

There is nothing in the ground of demurrer that this is an interference with the interstate commerce, because there is nothing on the face of the indictment to show that any contracts that were made in Mr. Beattie's office were of an interstate character whatever. The general objection in the demurrer that the indictment does not sufficiently advise the defendant of the charge made against him, I submit, is not well taken in view of the allegations of the indictment and the provisions of section 8. The only want of certainty in the indictment is that it does not locate identically the number of the square of the building in which Mr. Beattie was supposed to have his place of business, but it does locate the street, and places the location south of Third street on Delta avenue, and I presume that that was sufficiently definite to advise Mr. Beattie of where his place of business was.

COOK, J., delivered the opinion of the court.

This is an appeal by the state from the judgment of the circuit court of the second district of Coahoma county, sustaining a demurrer to an indictment charging appellee with operating a place of business for the purpose of carrying on the business of ''dealing in futures on margin,'' in violation of chapter 118 of the Laws of 1908. The indictment was in four counts: (a) Carrying on said business as principal; (b) as agent; (c) as broker; (d) as intermediary.

The grounds of demurrer are as follows: ''(1) The said indictment does not undertake to give, nor does it give the location of the alleged place or office in and at which the defendant is sought to be charged as having operated a business in contravention of law. (2) The said indictment does not charge that the defendant is

engaged in any business in violation of law. (3) The said indictment seeks to charge against the defendant several distinct and separate offenses against the law in one and the same indictment. (4) The said indictment does not charge that any contracts in violation of law were made or entered into in the alleged office or place of business of the defendant. (5) The statute, under which the said indictment was sought to be found, is unconstitutional and of no effect, because. the body of the said statute does not conform to the title thereof, and the said title thereof is misleading and does not convey any knowledge of the scope of the proposed law or change in the law sought to be accomplished by the said statute. (6) The said statute is void and of no effect, because it seeks to regulate, by placing undue burdens and restrictions on legitimate commerce between the states of the United States, or upon interstate commerce of the United States, the regulation and control of which said commerce is by the Constitution of the United States vested solely in the Congress of the United States, and upon which said subject-matter the said Congress has acted, and of which it has assumed control. (7) The said indictment does not inform the defendant of the nature and cause of the accusation sought to be preferred against him. (8) For other and additional grounds to be assigned at the hearing hereof.''

There is no merit in the first ground, as the indictment charges the location with more particularity than the law requires. As the indictment avers that appellant willfully and unlawfully operated the unlawful business, we can see no merit in the second ground.

The third ground of demurrer is not well taken, as the indictment merely avers that appellant violated section 1 of the act in several capacities.

It was not necessary to charge any contracts were made, the indictment being for the violation of section 1, which condemns the carrying on of the business of

"dealing in futures on margin," and therefore the fourth ground of demurrer is also without merit.

We can see no reason for holding that the statute is in violation of any provision of the Constitution of the state or nation. This disposes of the fifth ground of the demurrer. The sixth ground of demurrer is far-fetched and entirely unsound in fact or in theory.

The trial court erred in sustaining the demurrer to the indictment, and the cause is reversed and remanded.

*Reversed and remanded.*