STOKES *v.* TERRELL, SHERIFF.

(Division B. May 20, 1929.)

[122 So. 470. No. 28016.]

*C. E. Thompson,* of Prentiss, and *G. Wood Magee,* of Monticello, for appellant.

*J. A. Lauderdale,* Assistant Attorney-General, of Jackson, and *Livingston & Milloy,* of Prentiss, for appellee.

GRIFFITH, J., delivered the opinion of the court.

Appellant, in prison charged with murder, applied for bail under a writ of .habeas corpus. The circuit judge, after hearing all the testimony, denied the application and remanded the prisoner.

The record presents no questions of law, but involves a review solely upon the facts. It has been the usual course in this court on appeals in this class of cases to forego comment in detail on the evidence, unless the necessity therefor is unavoidable. The reason for this course, in advance of the principal trial, is manifest. Therefore, all we say is that, under all the testimony, when taken in connection with the physical facts, there is one view of the case, amply upheld by the evidence, which leads to the conclusion of guilt of murder. There is another view sustained by some of the evidence which would exculpate the prisoner. The circuit judge, in full view of the witnesses and of the physical situation, was convinced of the truth of the evidence which led to the conclusion of guilt. In such a state of case we must say, as was said in the recent case of *Parker* v. *Tullos,* 150 Miss. at page 685, 116 So. 532, that "the judgment of a habeas corpus court will not be disturbed, unless it is manifest to us that the trial court either tried the cause upon an erroneous conception of the law, or that the judgment is erroneous upon the facts." It is noted that the court said that it must be made manifest to us that the judgment is erroneous, which when only a review upon the facts is involved is the same as to say that the error of judgment must be made clear—plain to the extent that the asserted error meets with no great weight of refutation. See also *Ex parte Newsom* (Miss.), 58 So. 539; *Ex parte Semmes* (Miss.), 60 So. 1016; *Ex parte Martin,* 97 Miss. at pages 569, 570, 52 So. 258.

Full regard must be given, of course, to the constitutional provision that "all persons shall, before convic-

tion, be bailable by sufficient sureties, except for capital offenses when the proof is evident or presumption great'' (Constitution 1890, section 29).; but we would attach to that provision an unduly exaggerated regard if we should consider that it requires us to hold that bail must be allowed in every case where independent of, and separated from, the evidence as a whole there is a reasonable theory, supported by evidence which would, thus separately and independently considered, lead to a conclusion of innocence, on the ground that this of itself is enough to show a case of reasonable doubt. If we should adopt such a rule, we had, to all practical intents and purposes, as well announce that bail shall be a matter of course; and the same rule if applied to the verdicts of juries would mean that a final conviction would become a rare thing in this state. We can neither accede to a course which would lead to such unwarranted results, nor can we substitute ourselves, even in cases of *habeas corpus*, as the original triers of the facts.

The chief responsibility as to fact finding in this case rested upon the circuit judge; and inasmuch as the view of the case taken by him has ample support looking at the entire record, we have no authority to overturn his decision.

*Affirmed.*