COFER *v.* HENDERSON, SHERIFF.

(Division B.   Dec. 15, 1930.)

[131 So. 421.   No. 29243.]

Stone & Stone, of Coffeeville, Gore & Gore, and A. A. Pogue, all of Marks, and Creekmore & Creekmore, of Jackson, for appellant.

W. A. Shipman, Assistant Attorney-General, for the state.

**Ethridge, P. J.**, delivered the opinion of the court.

This is an appeal from a judgment denying bail to the appellant. Ellerson Cofer was indicted for the murder of J. H., or Jahue, Pruitt; he has been twice convicted by a jury of the county, each of the convictions being reversed for certain errors not going to the sufficiency of the evidence. The first case is reported in 152 Miss. 761, 118 So. 613, and the second in 130 So. 511. In each of the reported cases it is stated, in substance, that outside of incriminating statements alleged to have been made by the appellant and his alleged conspirators the testimony was largely circumstantial. The incriminating statements proven in the record, if believed, are very damaging to the appellant.

We deem it improper and unnecessary to set out these statements, as the case must be tried again. We have examined the evidence in the record which, on this appeal, is submitted on the same evidence contained in the record the court passed on in 130 So. 511, barring the evidence improperly admitted as pointed out in the opinion in that case. The trial judge who had tried the cause and was familiar with the evidence adjudged it sufficient to deny bail. It appears to us that if the circumstances and incriminating statements, which are admissible, are believed to be true beyond a reasonable doubt, they are

sufficient to sustain a conviction. In habeas corpus proceedings the judge is trier of the facts and passes upon the weight and worth of the testimony, and if the evidence is sufficient to sustain his judgment the Supreme Court must affirm the case. We find the evidence sufficient to sustain the judge's finding of fact, and find no error of law for the reason, if for no other, that the agreement submitted the case to the judge below as contained in the record. The hearing and denial of bail were subsequent to the reversal of the last cause, and there is nothing to show that the judge did not follow the law as laid down in the former opinion. The judgment of the court below must therefore be affirmed.

Affirmed.