## LEE v. HUDSON, SHERIFF.

(Division B. Nov. 7, 1932.)

[144 So. 240. No. 30402.[

W. D. Conner and D. W. Holmes, both of Hattiesburg, for appellant.

W. D. Conn, Jr., Assistant Attorney-General, for appellee.

Brief of counsel not found.

Ethridge, P. J., delivered the opinion of the court.

This is an appeal from a habeas corpus proceeding seeking bail; the appellant having been arrested on the charge of murdering Leroy Ward.

There was a preliminary hearing before the county judge, who denied bail; whereupon habeas corpus was sued out before the chancellor, who, having heard the

evidence, also denied bail, and remanded the prisoner to the custody of officers.

There were two direct witnesses testifying that the appellant shot Leroy Ward, and that no one else did any shooting, and that there was, apparently, no cause for the shooting.

There was other evidence which contradicted the testimony of these two witnesses; but the county judge and the chancellor each passed upon the conflict in the evidence, and the witnesses were before them and they had the advantage of seeing the witnesses and observing their demeanor, etc.

The rule is that the judgment of the trial court which heard the habeas corpus proceeding is presumptively correct, and, where the evidence is conflicting, the judge's finding of fact, if supported by the evidence, will not be disturbed on appeal.

In Stokes v. Terrell, 154 Miss. 230, 122 So. 470, it is said that: "It has been the usual course in this court on appeals in this class of cases to forego comment in detail on the evidence, unless the necessity therefor is unavoidable. The reason for this course, in advance of the principal trial, is manifest. Therefore, all we say is that, under all the testimony, when taken in connection with the physical facts, there is one view of the case, amply upheld by the evidence, which leads to the conclusion of guilt of murder. There is another view sustained by some of the evidence which would exculpate the prisoner. The circuit judge, in full view of the witnesses and of the physical situation, was convinced of the truth of the evidence which led to the conclusion of guilt. In such a state of case we must say, as was said in the recent case of Parker v. Tullos, 150 Miss. at page 685, 116 So. 532 that 'the judgment of a habeas corpus court will not be disturbed, unless it is manifest to us that the trial court either tried the cause upon an erroneous conception of the law, or that the judgment is erroneous upon the

758

facts.' It is noted that the court said that it must be made manifest to us that the judgment is erroneous, which when only a review upon the facts is involved is the same as to say that the error of judgment must be made clear—plain to the extent that the asserted error meets with no great weight of refutation.''

We think the principles here announced are applicable to the case at bar, and the decree of the chancellor is affirmed.

Affirmed.