MOTLEY *v.* SMITH, SHERIFF.

(Division A.   Feb. 18, 1935.)

[159 So. 553.   No. 31570.]

**W. M. Everett,** of Decatur, for appellant.

**Wm. H. Maynard,** Assistant Attorney-General, for appellee.

**McGowen, J.**, delivered the opinion of the court.

On a petition in habeas corpus, issuing being made up and trial had, the circuit judge in the court below denied the appellant, Howell Motley, bail. The appellant was held on a charge of murder in the killing of his father, Lee Motley, and an appeal here is prosecuted from the judgment of the court below denying bail.

The substantial facts are: That on or about the 26th day of April, 1934, two eyewitnesses to the killing were in the employ of the appellant's father, Lee Motley, who instructed them to do certain chores and await, at his

house, his return from a visit to the home of his son, saying, as he left them, that he had "some business there." The witnesses estimated the distance intervening between where they stood and the son's house, the place where the killing occurred, as about two hundred twenty-five yards. There is some conflict as to the distance, but none as to their ability to see from the one place to the other. As the appellant's father proceeded to the house of his son, the appellant, the latter was plowing in his field, and one of the witnesses heard the father of appellant say, "Hey" to the appellant, who replied in turn, "Here is my house out here." The father then proceeded to the front porch of his son's home, the son left his plow and came up to the house where his father was standing with his foot upon the step of the porch, and there they talked for fifteen or twenty minutes. After the conversation, the son went into the house and came out, and they continued talking for a short time, whereupon the father started in the direction of his home, taking five or six steps, and the appellant went back into the house and came out with a shotgun, leveled it at his father, and shot him while his hands were held up, mortally wounding him. Within a few hours afterwards, he died.

On the hearing below, there was no evidence offered in behalf of the relator, the appellant, tending to explain, justify, or excuse the killing. The record does not disclose that there were any other witnesses to the homicide except those introduced in behalf of the state. As this record stands, no one knows the nature of the conversation had between the father and the son. Appellant did not testify.

The sheriff's answer to the writ of habeas corpus discloses that the relator was held on an indictment for murder in the killing of his father, Lee Motley.

It is apparently insisted by the relator, on his appeal here, that he was entitled to bail because the state had not shown malice in, or motive for, the killing. Section 29

of the Constitution of 1890 provides that: "Excessive bail shall not be required; and all persons shall, before conviction, be bailable by sufficient sureties, except for capital offenses when the proof is evident or presumption great."

Appellant seems to argue that because of the lack of proof of motive for, or malice in, the killing, the proof is not evident or the presumption great that he is guilty of murder. In the case of Cofer v. Henderson, Sheriff, 160 Miss. 53, 131 So. 421, this court said: "In habeas corpus proceeding the trial judge is the trier of the facts and passes upon the weight and worth of the testimony, and if the evidence is sufficient to sustain his judgment the Supreme Court must affirm the case." To the same effect are the cases of Parker v. Tullos, 150 Miss. 680, 116 So. 531; Stokes v. Terrell, 154 Miss. 230, 122 So. 470; Lee v. Hudson, 165 Miss. 756, 144 So. 240.

As applicable to the facts of the case, sec. 985, Code 1930, states: "The killing of a human being, without the authority of law, by any means or in any manner, shall be murder in the following cases: (a) When done with deliberate design to effect the death of the person killed, or of any human being." In case of murder, malice may be either expressed or implied. In Carter v. State, 147 Miss. 171, 113 So. 177, this court said that malice is implied from any intentional killing which the law does not make justifiable or excusable, and cited Hawthorne v. State, 58 Miss. 778, wherein this court said: "It is too late, by many years, to dispute here the propositions, that the law implies malice from the unlawful use of a deadly weapon, and that every homicide by the use of such weapon is presumed to be murder, and that 'malice aforethought' is the same as 'deliberate design' or 'premeditated design.' "

The facts of the case at bar disclose that after the conversation was finished and the appellant's father had started away, the son went into his house to procure a

gun, did so, and shot him while he was holding both of his hands up; so that we have here an unexplained deliberate use of a deadly weapon without any justification or excuse whatever.

As to the motive in a case like the one at bar, the proof thereof is not indispensable. See Buckler v. State (Miss.), 157 So. 353; Johnson v. State, 140 Miss. 889, 105 So. 742; House v. State, 94 Miss. 107, 48 So. 3, 21 L. R. A. (N. S.) 840. But it has often been stated in the law that malice may be suddenly formed and that it requires no particular period of time to make a killing deliberate or malicious within the law. See Williams v. State, 163 Miss. 475, 142 So. 471. As the case is here presented, without explanation or justification of the killing, the proof is evident and the presumption is great.

Affirmed.