241 So.2d 654 (1970)
Jimmy C. HUFF
v.
Jonathan R. EDWARDS, Sheriff of Rankin County, Mississippi.
No. 46282.
Supreme Court of Mississippi.
December 7, 1970.
*655 McLaurin & Nicols, Brandon, Sullivan, Sullivan & Keyes, Jackson, for appellant.
A.F. Summer, Atty. Gen., by Velia Ann Mayer, Special Asst. Atty. Gen., Jackson, for appellee.
ETHRIDGE, Chief Justice:
The issue here is whether Jimmy C. Huff, appellant-relator, charged as a prior accessory to murder, is entitled to bail. This depends upon application of the facts to the constitutional standard. Mississippi Constitution section 29 provides:
Excessive bail shall not be required, and all persons shall, before conviction, be bailable by sufficient sureties, except for capital offenses when the proof is evident or presumption great. (Emphasis supplied)
Huff was arrested as an accessory before the fact to the murder of his business associate A.E. Holmes, Jr. He has not yet been indicted, but a justice of the peace after preliminary hearing bound him over without bail to await action of the grand jury. Incarcerated in the Rankin County jail, Huff filed a petition in habeas corpus for release on bail pending further proceedings. After a hearing the Circuit Court of Rankin County held that the State had produced sufficient evidence to show that the presumption is great as to relator's guilt on the charge and denied release on bail. Since habeas corpus proceedings are preference cases, this cause was advanced on the docket, and after a hearing an order releasing Huff on a $10,000 bail bond was entered on November 25, 1970. Miss.Code 1942 Ann. § 1956 (1956). This opinion states our reasons for that action.
Since other proceedings will follow this preliminary action, we will not comment on the facts except insofar as necessary to show the basis of this decision. A.E. Holmes, Jr., was found shot to death in Rankin County on September 19, 1970, on Lot 75, Crossgates Subdivision. The record discloses that Mrs. Joye Hester is charged as the principal and actual murderer and is being held in the Rankin County jail on that charge without bond. On the afternoon in question, Holmes drove to the subdivision, and between 5:15 and 5:30 p.m. several witnesses passed by the lot and saw him talking with a tall, blond woman with long hair. About 5:35 p.m. a witness drove by and saw Holmes lying on the ground; the woman was gone. The State introduced testimony reflecting that Huff Enterprises, Inc., was owned by Huff and his family, but that Holmes owned ten percent of the stock; and that in July 1970 the corporation purchased "keyman" life insurance of $125,000 on Holmes' life. Another insurance man testified that in July or August Huff, discussing life insurance with him, asked whether an insurance company would pay off to a corporation if a man were murdered. Other witnesses for the State testified variously to the effect that appellant wanted the witness to stage a fatal accident for him, that he wanted someone "roughed up" or to hire a man who would "do somebody in," or "put the hurt on someone" for him, or kill a person. One of the witnesses said he asked Huff who the person was and Huff said, "Well, just say an associate." When asked the purpose, Huff said, "Well, let's say for insurance reasons."
Huff did not testify, but he offered several witnesses who stated, in substance, that on that afternoon they saw an unidentified woman talking with Holmes on Lot 75 around 5:15 p.m. One witness said he could identify her. There is no evidence in this record connecting Huff with the woman, or with anyone else who might have participated in the murder.
On this hearing the question was: Is the presumption great or the proof evident that the prisoner is guilty of a capital crime? If not, he is entitled to bail under Mississippi Constitution section 29.
In a proceeding to obtain bail brought by one who has been indicted by a grand jury for a capital offense, the burden *656 is upon the defendant to show that the proof of his guilt is not evident or the presumption is not great. The indictment creates a prima facie case of legality of detention. Russell v. Crumpton, 208 Miss. 43, 44 So.2d 527 (1950); Ex parte Bridewell, 57 Miss. 39 (1879); Street v. State, 43 Miss. 1 (1870); 8 C.J.S. Bail § 34(3) b (1962); Wharton's Criminal Law and Procedure § 1810 (Anderson's Ed.Supp. 1970). Although the relator has the burden of going forward with the evidence, the judge hearing the case should require the production of all available testimony for the prosecution which justifies the detention, after the relator has offered his evidence. Bridewell v. State, supra. On the other hand, before indictment (as here) the relator is being held on an order of a justice of the peace pending action by the grand jury. In such instances the burden of proof is upon the State, since there is a presumption of innocence and no indictment creating a prima facie case of valid detention. 8 C.J.S. Bail § 34(3) b (1962).
In determining whether the proof is evident or the presumption great, the test for release on bail of one charged with a capital offense has been stated in various ways. Generally, if a reasonable doubt or a well-founded doubt of guilt can be entertained, then the proof cannot be said to be evident nor the presumption great. Ex parte Wray, 30 Miss. 673 (1856); Ex parte Bridewell, 57 Miss. 39 (1879); see G.H. Ethridge, Mississippi Constitutions 148 (1928). The Court has previously referred to "the liberal policy of our Constitution and laws" to allow applications for bail. Wooten v. Bethea, 209 Miss. 374, 47 So.2d 158 (1950).
A reasonable outline of the proper test is summarized in 8 Am.Jur.2d, Bail and Recognizance section 50 (1963), as follows:
Where there is only a "probability" of guilt, or where, on the whole testimony adduced, the court entertains a reasonable doubt as to whether the prisoner committed the act, or whether, in doing so, he was guilty of a capital crime, bail should be granted.
The word "evident" is construed to mean manifest, plain, clear, obvious, apparent, and notorious, and unless it plainly, clearly, and obviously appears by the proof that the accused is guilty of a capital crime, bail should be allowed.
Section 34(3) of 8 C.J.S. Bail (1962), contains an analytical statement of the constitutional standards:
Thus "proof evident" or "evident proof" in this connection has been held to mean clear, strong evidence which leads a well-guarded dispassionate judgment to the conclusion that the offense has been committed as charged, that accused is the guilty agent, and that he will probably be punished capitally if the law is administered. "Presumption great" exists when the circumstances testified to are such that the inference of guilt naturally to be drawn therefrom is strong, clear, and convincing to an unbiased judgment and excludes all reasonable probability of any other conclusion.
The reasonable doubt standard, however, does not adopt or include the exclusion of every reasonable hypothesis of guilt. Stokes v. Terrell, 154 Miss. 230, 122 So. 470 (1929). Since the right to bail is generally within the sound judicial discretion of the court, there may be exceptional circumstances permitting bail in a sound discretion, even where the constitutional exceptions do not exist. These would include "extraordinary circumstances, such as serious and probably fatal injury to health, or unusual and protracted delay upon the part of the state in bringing a prisoner to trial." Ex parte Bridewell, 57 Miss. 39 (1879); Martin v. State, 97 Miss. 567, 52 So. 258 (1910).
In the instant case, the record reflects the fact that a crime was committed (the corpus delicti). It further would support a finding of motive and intent by Huff. However, the record is wholly silent *657 on any connection between Huff and the person, whoever he or she may be, who murdered Holmes. An accessory before the fact is one who procures, counsels or commands another to commit a felony for him, but is not himself present, actually or constructively, when the felony is committed. 1 Wharton, Criminal Law and Procedure § 110 (Anderson ed. 1957). Moreover, it is not necessary to the conviction of an accessory that the identity of the principal be shown. Wages v. State, 210 Miss. 187, 49 So.2d 246 (1950). But it is essential that some reasonable connection between the accessory and the principal be shown, and that the evidence must support a finding that he procured, counselled or commanded another to commit the crime. This record reflects no evidence to that effect.
For these reasons, the judgment of the circuit court is reversed, and judgment is rendered here releasing appellant on bail pending further action by the Circuit Court of Rankin County.
Reversed and judgment rendered here allowing bail.
RODGERS, JONES, BRADY and INZER, JJ., concur.