284 So.2d 38 (1973)
Joseph O. BLACKWELL
v.
C.O. SESSUMS, Sheriff of Sunflower County, Mississippi.
No. 47835.
Supreme Court of Mississippi.
October 8, 1973.
Rehearing Denied October 29, 1973.
Barnett, Montgomery, McClintock & Cunningham, Jackson, for appellant.
A.F. Summer, Atty. Gen., by Timmie Hancock, Sp. Asst. Atty. Gen., Jackson, for appellee.
WALKER, Justice:
This is an appeal from an order of the Circuit Judge of Sunflower County denying bail to appellant after a habeas corpus hearing.
On August 21, 1973, the appellant was charged with the murder of one L.C. Nelson and after a preliminary hearing before a justice of the peace, was bound over to await action of the Grand Jury on a charge of murder without the benefit of bail. He thereafter filed his petition for a writ of habeas corpus contending that he was entitled to bail as a matter of right for the reason that the evidence against him did not rise to the high standards required by the Constitution of the State of Mississippi.[1]
*39 At the habeas corpus hearing, the Judge had the benefit of the testimony of the State's witnesses from the record made at the preliminary hearing.[2] He also had the benefit of personally observing the appellant testify as he gave his version of the incident and in so doing could observe appellant's mannerisms, state of composure, facial expressions and tone of his voice and from this could determine the weight and worth to be given his testimony.
Since this case has not been tried, we will not detail the testimony, but suffice it to say that if the witnesses for the State are believed, then a jury would be warranted in finding the appellant guilty of murder. On the other hand, if the testimony of the defendant is believed, they could find him guilty of manslaughter or perhaps acquit him.
The question for determination here is whether or not the appellant is entitled to bail. We have held recently in Hudson v. McAdory, 268 So.2d 916 (Miss. 1972) that even though we no longer impose the death penalty, nevertheless, murder falls within a class of cases referred to as capital cases that are not bailable offenses when the proof is evident or presumption of guilt is great. We are also committed to the proposition that where the evidence is in conflict on this question of whether the proof is evident or presumption of guilt is great that the Judge at the habeas corpus hearing is the trier of fact, and, that it is presumed that he has properly applied the law to the facts as found, and his findings will not be set aside or overturned unless, from the evidence, it is manifest to us that he is clearly in error. Prine v. Polk, 189 So. 823 (Miss. 1939); Lee v. Hudson, 165 Miss. 756, 144 So. 240 (1932); Stokes v. Terrell, 154 Miss. 230, 122 So. 470 (1929); Martin v. State, 97 Miss. 567, 52 So. 258 (1910).
In Ex Parte Bridewell, 57 Miss. 39, 42 (1879), Judge Chalmers, speaking for the Court, observed:
What rule should be applied in determining whether the applicant for bail has negatived the existence of evident proof or great presumption of the commission of a capital offence, and has thereby established his constitutional right to be released from imprisonment? We remark, in the first place, that the judicial officer who hears the application is the trier of the facts, and acts upon the conviction that the testimony leaves upon his own mind. He must give or deny bail according to his opinion upon the question whether a case has been made out which brings the prisoner within or without the constitutional rule. When we sit in revision of his judgment, we act upon the conviction made upon us by a perusal of the testimony contained in the record, giving to the judgment of the inferior officer that prima facie presumption of correctness, which attaches to the judgment of all courts of competent jurisdiction, strengthened in this class of cases by the fact that he has seen the witnesses, and heard them testify under circumstances which made it his duty to attend to their bearing and determine their credibility.
We are unable to say from the evidence in this record that the trial judge was wrong in denying bail to appellant. See Huff v. Edwards, 241 So.2d 654 (Miss. 1970) for a discussion of the test to be applied in determining whether the proof is evident and the presumption great.
The fact that the appellant is an elderly man with a heart condition is a factor that may be considered by the trial judge in passing upon bail for the accused and he has indicated in the record that he *40 will take this into consideration if the accused is not given a speedy trial, if indicted by the Grand Jury.
The judgment of the lower court denying bail is affirmed.
Affirmed.
GILLESPIE, C.J., and SMITH, SUGG and BROOM, JJ., concur.
RODGERS, P.J., and PATTERSON, INZER and ROBERTSON, JJ., dissent.
RODGERS, Presiding Justice (dissenting).
I must respectfully disagree with the majority opinion of my astute associates in this case, because under the facts here shown I am convinced that we should permit the petitioner to make bond for his appearance in court to await the action of the grand jury.
In the outset, let it be said that I heartily agree with the proposition that the trial judge has the best opportunity to observe the witnesses and to use his judicial discretion in the first instance. I am also cognizant of the fact that we have held that the trial court's judgment in habeas corpus proceedings is presumptively correct. Lee v. Hudson, 165 Miss. 756, 144 So. 240 (1932). I know that we have said that the judgment of the trial court will not be disturbed on appeal unless error of judgment on facts or law is clear. Miller v. State, 207 Miss. 156, 41 So.2d 375 (1949); Stokes v. Terrell, 154 Miss. 230, 122 So. 470 (1929); Parker v. Tullos, 150 Miss. 680, 166 So. 531 (1928).
We recognized this rule in Parker v. Tullos, 150 Miss. 680, 116 So. 531, (1928), but we also recognized that it was our duty where the trial court tried the case on an erroneous conception of the law, or where the judgment was erroneous as to the facts, to allow bail. In Parker, supra, this court said:
"We have applied to this case the rule [of allowing bail] announced in Wray v. State, 30 Miss. 673; Moore v. State, 36 Miss. 137; Ex parte Bridewell, 57 Miss. 39; Ex parte Pattison, 56 Miss. 161; and Ex parte Hamilton, 65 Miss. 147, 3 So. 241.
It cannot be said that the proof is evident, nor the presumption great, where there is found a reasonable doubt of the guilt of the prisoner." 150 Miss. at 686, 116 So. at 532.
In Wray, supra, we pointed out that every man charged with crime is entitled to bail except for capital offenses where the proof is evident or the presumption great and we said: "[I]f a well-founded doubt exists that the offense charged is capital bail cannot be refused." 30 Miss. at 673-674, n. 2.
It is, therefore, apparent to me that Section 1149, Mississippi Code 1942 Annotated (1956) gives the petitioner the right of an appeal to this court so that we may determine whether or not the facts under the law are sufficient to refuse bail upon the constitutional ground that: "[T]he proof is evident or presumption great." Section 29, Miss.Const. 1890.
In cases where there is an argument resulting in a sudden killing, this court has granted bail although there are facts upon which a jury could have conceivably found the accused guilty of a capital crime. Ex parte Majors, 34 So. 151 (Miss. 1903); Ex parte Patterson, 22 So. 186 (Miss. 1897).
It must be remembered that in order for the killing of another to be murder as a capital crime, there must be shown a design to kill or the commission of an act eminently dangerous to others so as to evince a depraved heart regardless of human life. Section 2215, Mississippi Code 1942 Annotated (1956). The difference between a murder charge and a manslaughter charge is whether or not the killing was done with malice aforethought or *41 with deliberate design. Guest v. State, 96 Miss. 871, 52 So. 211 (1910).
Even if a killing of a human being is done in the heat of passion without malice, without authority of law and not in necessary self-defense, the killing is not murder, but manslaughter. Section 2224, Mississippi Code 1942 Annotated (1956).
Moreover, the killing of a human being without malice while such other is engaged in the perpetration of a misdemeanor, where such killing would have been murder under the common law, is manslaughter under our statutory definition of manslaughter. Section 2221, Mississippi Code 1942 Annotated (1956).
In any case where there is a "probability" that the accused is not guilty of a capital crime, although he may be apparently guilty of a lesser crime, the defendant is entitled to bail.
It was said as early as 1861 in the case of Beall v. State, 39 Miss. 715 (1861) that the court would grant bail "... `even in cases where the jury might, and perhaps ought to, upon the same evidence, render a verdict of guilty for murder.'" 39 Miss. at 721.
In Wooton v. Bethea, 209 Miss. 374, 47 So.2d 158 (1950), this court said:
"`It is the theory or the policy of the bail statutes generally to encourage the granting of bail in proper cases.' 8 C.J.S. Bail § 30, p. 50." 209 Miss. at 379, 47 So.2d at 160.
The court then cited Ex parte Oliver, 127 Miss. 208, 89 So. 915 (1921) and Ex parte Mormon, 112 Miss. 15, 72 So. 835 (1961).
The American Bar Association in projecting its Minimum Standards for Criminal Justice, Pretrial Release, has this to recommend on page 23, Part I, § 1.1:
"The bare fact that a person has been charged with a crime does not justify his detention before conviction. Only if some legitimate purpose of the criminal process, such as prevention of flight, requires it, should the defendant be deprived of pretrial liberty. The history of the bail system, at least since the English Bill of Rights of 1689, and the prohibition against excessive bail, illuminate the principle, if not always the practice, that charged defendants are not to be locked up simply because they must answer to a criminal charge. See generally Foote, The Coming Constitutional Crisis in Bail: I, 113 U.Pa.L.Rev. 959 (1965) hereafter cited as Crisis in Bail: I)." Approved Draft, 1968, p. 23.
A fine article on this subject of bail in capital cases may be found in Mississippi Law Journal, Vol. 44, No. 3, p. 565 (June, 1973). The author points out the fact that we did not follow the general rule, that the abolition of the death penalty makes all persons charged with crime bailable, in Hudson v. McAdory, 268 So.2d 916 (Miss. 1972). See 8 Am.Jur.2d Bail and Recognizance § 31, at 801 (1963); Annot. 8 A.L.R. 1352 (1920).
The author also points out that the entire thrust of American bail law centers around the right of the individual to be free of discretionary punishment prior to formal adjudication of guilt. Bail is denied to those accused of crime so as to insure their presence at the trial. The reason bail was denied in death penalty cases was simply that a guilty person would rather forfeit his bond than his life. Since the death penalty has been abolished [at least for the time being], the policy of the courts should be more liberal in favor of allowing bail, now than heretofore.
I think the court is in error in holding a sick man in jail under the facts in this case, particularly when it is not urged that there is a likelihood of his escape. For that reason I respectfully dissent.
PATTERSON, INZER and ROBERTSON, JJ., concur.
NOTES
[1] Mississippi Constitution Article 3, section 29 (1890) reads: "Excessive bail shall not be required, and all persons shall, before conviction, be bailable by sufficient sureties, except for capital offenses when the proof is evident or presumption great."
[2] The transcript of the preliminary hearing was entered into evidence by agreement of the State and Defendant.