# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2012-CA-01850-SCT

*RALPH ARNOLD SMITH, JR.*

*v.*

*RICKY BANKS, SHERIFF OF LEFLORE COUNTY, MISSISSIPPI, AND THE STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 10/09/2012 |
| TRIAL JUDGE: | HON. L. BRELAND HILBURN |
| COURT FROM WHICH APPEALED: | LEFLORE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | WILLIAM CHARLES BELL |
| ATTORNEY FOR APPELLEES: | OFFICE OF THE DISTRICT ATTORNEY, FOURTH DISTRICT BY: TIMOTHY HUTSON JONES |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED - 01/30/2014 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE WALLER, C.J., LAMAR AND KITCHENS, JJ.

### WALLER, CHIEF JUSTICE, FOR THE COURT:

¶1. Ralph Arnold Smith Jr. appeals from the Leflore County Circuit Court's denial of his habeas corpus petition. After reviewing Smith's petition and the evidence proffered to the trial court, we find that Smith is not entitled to habeas corpus relief. Accordingly, we affirm the judgment of the trial court.

### STATEMENT OF THE CASE

¶2.     Smith was arrested on April 29, 2012, and charged with one count of capital murder and two counts of conspiracy to commit murder. The State charged Smith with capital felony murder for causing the death of Keaira Byrd.  The State alleged that Smith had conspired with Byrd to murder Lee Abraham, a Greenwood attorney.  According to the State, the underlying felony raising Byrd's death to capital murder was Byrd's own "burglary by subterfuge" of Abraham's office.  Byrd and Derrick Lacy were attempting to enter Abraham's office under false pretenses to murder him when Byrd was killed by an investigator with the Attorney General's office.  The State also charged Smith with one count of conspiracy to commit murder for his alleged involvement in the murder-for-hire plot with Byrd and Lacy, along with a second count of conspiracy to commit murder for entering into an agreement with Cordarious Robinson to find someone to kill Abraham.

¶3.     The record reflects that, during his initial appearance in justice court, Smith was granted $100,000 bail on his conspiracy charge with Cordarious Robinson, but was denied bail on the other conspiracy charge and the capital-murder charge. Smith then had a preliminary hearing before the Leflore County Court on May 16, 2012. At the hearing, the county court found that there was probable cause to bind Smith over to await the action of the Grand Jury of Leflore County on all three charges.  The court refused to grant bail on Smith's capital-murder charge, finding that the proof was evident and the presumption great that Smith had committed a capital crime.  The court also denied bail for Smith's charge of conspiracy with Byrd and Lacy, finding that Smith's release would constitute a special danger to Abraham and his family.  The county court denied the State's request to revoke the bail granted on Smith's conspiracy charge with Robinson.  The county court issued an oder

to this effect on May 21, 2013. Smith then filed a petition for bail with this Court, arguing that the county court had erred in denying bail. A panel of this Court denied Smith's petition for bail. *See Smith v. State*, No. 2012-M-01054 (Miss. July 18, 2012).

¶4.   On September 12, 2012, Smith filed a petition for writ of habeas corpus in the Leflore County Circuit Court, claiming that his detention without bail on his capital-murder charge was illegal. For the purposes of this appeal, Smith claimed that he could not be held without bail for capital murder because the State's allegations against him did not state a valid charge for capital murder. Smith argued that Byrd's death was not committed "without authority of law" by someone engaged in the underlying felony of burglary, as alleged by the State, because Byrd was killed by a law-enforcement officer acting in self-defense. The trial court entered an order directing the circuit clerk to issue a writ of habeas corpus for Smith to be brought before the court for a hearing. The Leflore County Circuit Clerk then issued a writ of habeas corpus on October 3, 2012.

¶5.   Sometime between the filing of Smith's petition and the habeas corpus hearing, a Leflore County Grand Jury indicted Smith on all charges.[1] Smith's habeas corpus hearing was held on October 9, 2012. At the beginning of the hearing, the trial court considered arguments by the parties on the issues. Smith's counsel argued, as he had done at the preliminary hearing and in the petition for bail filed with this Court, that Smith could not be held on the capital-murder charge because the State's allegations did not give rise to a valid charge of capital murder. The State responded that, regardless of Smith's arguments

---

[1] Smith's indictments were not made a part of the record on appeal.

3

regarding the validity of his capital-murder charge, he was still being legally held without bail on his conspiracy charge, which Smith had not challenged in his habeas corpus petition. The State also pointed out that a grand jury already had indicted Smith on all charges brought against him. After hearing from the parties, the trial court denied Smith's petition, reasoning:

> This is a civil proceeding and this proceeding is really kind of ancillary to the criminal procedure taking place in the actual process of the indictment and reaching up to the trial, itself. And I'm concerned that you're asking the Court through a civil proceeding to reach into the process that ordinarily belongs to the trial of the case and make some decisions on those issues, and I'm just reluctant to do that.
>
> There are remedies available to the defendant through the trial procedures that bring forward these issues that you – appropriately bring forward these issues before the criminal trial court. It's going to be the decision of the Court that the Petition for Writ of Habeas Corpus, the relief sought in the petition will be denied.

The trial court then allowed Smith's counsel to proffer any evidence that he intended to produce at the hearing. The majority of the evidence proffered by Smith focused on the circumstances surrounding Byrd's death and related evidentiary issues.

¶6. The trial court entered an order denying Smith's habeas corpus petition. Smith subsequently filed a motion to set aside, alter, or amend, the trial court's order, arguing that the order did not accurately reflect the course of events at the habeas corpus hearing. Smith pointed out that the trial court's order mentioned "pleadings filed before the Supreme Court and the ruling by that Court," but that no evidence to that effect had been introduced at the hearing. Smith requested that the trial court amend its order to reflect that Smith's petition for habeas corpus was denied without a trial based on documents not provided to Smith or

4

entered into evidence. Smith also filed a motion requesting the circuit court judge to recuse himself from the case. The trial court denied both of these motions.

¶7. Smith now appeals to this Court, raising the following issues:

> **I. Whether the trial court erred in failing to allow evidence on Smith's petition for writ of habeas corpus.**

> **II. Whether the trial court erred by basing its ruling on documents provided by the State that were not entered into evidence.**

## STANDARD OF REVIEW

¶8. "The rule is that the judgment of the trial court which heard the habeas corpus proceeding is presumptively correct, and, where the evidence is conflicting, the judge's finding of fact, if supported by the evidence, will not be disturbed on appeal." *Lee v. Hudson*, 165 Miss. 756, 144 So. 240 (1932). "[T]he judgment of a habeas corpus court will not be disturbed, unless it is manifest to us that the trial court either tried the cause upon an erroneous conception of the law, or that the judgment is erroneous upon the facts." *Parker v. Tullos*, 150 Miss. 680, 116 So. 531, 532 (1928).

## DISCUSSION

> **I. Whether the trial court erred in failing to allow evidence on Smith's petition for writ of habeas corpus.**

¶9. The writ of habeas corpus is a privilege guaranteed by our Constitution that cannot be suspended, "unless when in the case of rebellion or invasion, the public safety may require it, nor ever without the authority of the legislature." Miss. Const. art. 3, § 21 (1890). "The writ of habeas corpus shall extend to all cases of illegal confinement or detention by which any person is deprived of his liberty . . . except in the cases expressly excepted." Miss. Code

5

Ann. § 11-43-1 (Rev. 2012). "The function of the habeas corpus court in Mississippi in criminal cases is to release a prisoner who is being unlawfully held or to grant him a bail bond which he can make." ***Keller v. Romero***, 303 So. 2d 481, 483 (Miss. 1974). However, "[a] habeas corpus writ cannot be used as a collateral method to prevent a trial on an indictment in this state[.]" ***Id.***

¶10.    Smith's habeas corpus petition focused solely on the validity of his capital-murder charge, which Smith believes fails as a matter of law, entitling him to be discharged, or alternatively, to be granted bail on that charge. We must first note that the habeas corpus court was without authority to discharge Smith for his capital-murder charge. After a defendant in a criminal case has been indicted, as here, the habeas corpus court has no power to discharge the defendant, but is limited to granting bail. ***Street v. State***, 43 Miss. 1, 30 (1870). We therefore can view Smith's habeas corpus petition only as a request for bail on his capital-murder charge.

¶11.    Mississippi's Constitution grants all criminal defendants the right to bail prior to conviction, with certain exceptions. Miss. Const. art. 3, § 29, cl. 1 (1890). Because Smith is charged with capital murder, he is not entitled to bail pending trial if "the proof is evident or the presumption great" concerning his guilt. *Id*. In addition, because Smith's conspiracy charges carry a maximum penalty of twenty years' imprisonment, bail may be denied on those charges where "the proof is evident or the presumption great" upon a determination by the court that Smith's release would constitute a "special danger to any other person or to the community[.]" Miss. Const. art. 3, § 29, cl. 3 (1890).

¶12. On appeal, Smith argues that the trial court erred in denying his habeas corpus petition without allowing him to present evidence in support of his arguments. After reviewing our court rules governing preconviction habeas corpus matters, we find that Smith was entitled to present witnesses and other evidence for the purpose of proving that he was wrongly denied bail. After the writ of habeas corpus is issued, the habeas corpus court must hold a hearing on the matter, and "shall either discharge, or commit, or admit to bail, or remand the movant . . . as the law *and the evidence* shall require." URCCC 2.07(A)(9)(a) (emphasis added). The parties are entitled to invoke the processes of civil discovery, to the extent that the court grants leave to do so. URCCC 2.07(A)(8). Upon a hearing on the matter, "[t]he order rendered by the court shall be conclusive until reversed and shall be a bar to another writ of habeas corpus in the same cause[.]" URCCC 2.07(A)(9)(b). A fair interpretation of these provisions demonstrates that a habeas corpus petitioner is entitled to an evidentiary hearing once the writ of habeas corpus has been issued.

¶13. Because Smith was entitled to present evidence supporting his arguments, we conclude that the trial court erred in ruling on Smith's petition without allowing him to present any evidence. However, after reviewing Smith's habeas corpus petition, his argument before the trial court, and the evidence proffered at the habeas corpus hearing, we agree with the trial court that Smith is not entitled to habeas corpus relief.

¶14. First, Smith's petition for habeas corpus failed to challenge the validity of his detention for his conspiracy charge. Smith's indictment created a prima facie case of the legality of his detention on all charges. *Russell v. Crumpton*, 208 Miss. 43, 44 So. 2d 527, 529 (1950). Smith therefore had the burden of proving that he was wrongly denied bail on

7

each of his charges. At the preliminary hearing, the county court found that Smith's release would constitute a special danger to Abraham, the target of Smith's alleged conspiracy, which foreclosed Smith's eligibility for bail. *See* Miss. Const. art. 3, § 29, cl. 3 (1890). Smith did not challenge this finding at the preliminary hearing in county court, in his petition for bail before this Court, or in his habeas corpus petition in circuit court. Smith had multiple opportunities to challenge the validity of the county court's ruling on his conspiracy charge, but chose to focus exclusively on the validity of his capital-murder charge. Smith is being held lawfully without bail on a charge of conspiracy to commit murder and therefore is not entitled to habeas corpus relief.

¶15. In addition, the majority of the evidence proffered by Smith was irrelevant to the purposes of the habeas corpus hearing. For example, Smith's assertion that local law enforcement had no prior notice of the Attorney General's investigation of Smith's alleged conspiracy has no bearing on whether Smith was being illegally detained without bail. Smith's evidentiary arguments regarding Byrd's autopsy and the conditions of the crime scene must be determined "by the trial court that has jurisdiction to try the charge against [Smith], and not the habeas corpus court." **Keller**, 303 So. 2d at 482. Due to Smith's proffer of largely irrelevant evidence, the trial court understandably found Smith's arguments to be an attempt to bypass his criminal proceeding to collaterally defeat his capital murder-charge without a trial by jury.

¶16. Although the trial court erred in refusing to allow Smith to present evidence in support of his petition for habeas corpus, we find that the evidence proffered by Smith would not have entitled Smith to any relief that the court could have granted. In addition, Smith's

8

failure to challenge the validity of his detention on his conspiracy charge forecloses his eligibility for release on bail. Therefore, we affirm the trial court's decision to deny Smith's petition for habeas corpus.

**II.    Whether the trial court erred by basing its ruling on documents provided by the State that were not entered into evidence.**

¶17.    Smith argues that the trial court's denial of his habeas corpus petition was not based on substantial evidence because it was founded in part on documents not entered into evidence during the habeas corpus hearing. Our holding concerning Smith's first claim of error renders this issue moot, since a judgment on the merits, if rendered, would be of no practical benefit to Smith and no detriment to the State. *See* ***Gartell v. Gartell***, 936 So. 2d 915, 916 (Miss. 2006). Accordingly, we decline to address Smith's arguments regarding this issue.

## CONCLUSION

¶18.    Since Smith is not entitled to habeas corpus relief, we affirm the judgment of the Leflore County Circuit Court.

¶19.    **AFFIRMED.**

**DICKINSON AND RANDOLPH, P.JJ., LAMAR, KITCHENS, CHANDLER, PIERCE AND KING, JJ., CONCUR. COLEMAN, J., NOT PARTICIPATING.**